UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DARREN L. WANAMAKER, | : | Civil Action No. 3:17-CV-133-KRG-KAP |
| Plaintiff, | : | |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## SECOND AMENDED COMPLAINT

Plaintiff Darren L. Wanamaker ("Mr. Wanamaker"), by and through his attorney Marguerite Goglia, Esq. of Reed Smith LLP, brings this action against Defendants Pennsylvania Department of Corrections ("Defendant Pennsylvania D.O.C."), Trevor Wingard ("Defendant Wingard"), Laura Bloom ("Defendant Bloom"), Terry Douglas ("Defendant Douglas"), and Nora Williams ("Defendant Williams") (collectively "Defendants"), and alleges as follows:

## NATURE AND SUMMARY OF THE ACTION

1.      This is a claim for damages under 42 U.S.C. § 1983; under 42 U.S.C. § 1985; and under Pennsylvania state law, for the injury caused to Mr. Wanamaker by Defendants who, while acting under color of state law, wrongfully imprisoned Mr. Wanamaker by 159 days longer than his maximum sentence.  In doing so, Defendants deprived Mr. Wanamaker of his rights, privileges, and immunities secured by the 5th, 8th, and 14th Amendments to the United States Constitution, falsely imprisoned him, and, based on Mr. Wanamaker's race, conspired to violate his protected constitutional rights and falsely imprison him.

2.      Mr. Wanamaker should have been released from incarceration at SCI Somerset on April 20, 2015.

3.      Defendant Pennsylvania D.O.C., through the concerted direct or indirect efforts of

all Defendants, erroneously calculated Mr. Wanamaker's maximum date to December 2, 2016— 592 days beyond his actual maximum sentence – in contravention of the clear, direct, and unequivocal intention of the sentencing order with which they were furnished.

4.      Nearly one year before reaching his actual maximum sentence date of April 20, 2015, and immediately upon becoming aware of the incorrect calculation, Mr. Wanamaker initiated efforts to rectify the miscalculation of his sentence.

5.      Mr. Wanamaker diligently and repeatedly corresponded with Defendants over the course of a year and a half in an effort to correct the error in the calculation of his maximum sentence.

6.      Despite his diligent efforts, Defendants refused to take reasonable steps to address, investigate, or correct the incorrect calculation of Mr. Wanamaker's maximum date, even though doing so was well within the scope of their duties and roles.

7.      Due to all Defendants' erroneous, intentional, and malicious miscalculation of Mr. Wanamaker's maximum date, and their complete refusal to address, investigate, or correct this improper calculation, Mr. Wanamaker was wrongfully incarcerated until September 26, 2015— 159 days beyond his actual maximum date—until the error in calculation was ultimately addressed and corrected by the sentencing judge in response to a *pro se* motion filed by Mr. Wanamaker.

## VENUE AND JURISDICTION

8.      The foregoing paragraphs are incorporated by reference as though fully set forth herein.

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

10.     This Court has supplemental jurisdiction over the related state law claim pursuant

to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Mr. Wanamaker's state law claim shares all common operative facts with his federal law claims, and the parties are identical. Resolving Mr. Wanamaker's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

11.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that all of the events and omissions giving rise to these claims occurred in this district.

PARTIES

12.    The foregoing paragraphs are incorporated by reference as though fully set forth herein.

13.    Plaintiff Darren L. Wanamaker was at all relevant times a person of full age and majority and a resident of Philadelphia, Pennsylvania and Somerset, Pennsylvania, incarcerated by the Pennsylvania Department of Corrections at SCI Somerset from April 20, 2010 to September 26, 2015.

14.    Defendant Pennsylvania D.O.C. is the Commonwealth administrative department which oversees and maintains Pennsylvania's prison system. Furthermore, the Pennsylvania Department of Corrections is in charge of the administration and calculation of prisoner sentence terms and administers policies and procedures accordingly to carry out its duties.

15.    Defendant Wingard was at all relevant times employed by the Commonwealth of Pennsylvania and the Pennsylvania D.O.C. as the Superintendent of the Pennsylvania D.O.C. and was acting within the scope of his employment and under color of law.

16.    Defendant Bloom was at all relevant times employed by the Commonwealth of Pennsylvania and the Pennsylvania D.O.C. as a Records Officer and was acting within the scope

of her employment and under color of law.

17.    Defendant Douglas was at all relevant times employed by the Commonwealth of Pennsylvania and the Pennsylvania D.O.C. as a Records Officer and was acting within the scope of her employment and under color of law.

18.    Defendant Nora Williams was at all relevant times employed by the Commonwealth of Pennsylvania and the Pennsylvania D.O.C. as an Assistant Records Administrator at Central Office and was acting within the scope of her employment and under color of law.

## FACTUAL ALLEGATIONS

19.    The foregoing paragraphs are incorporated by reference as though fully set forth herein.

20.    On or about November 23, 2006, Mr. Wanamaker was arrested in Delaware County on two criminal charges.  A true and correct copy of Criminal Docket Number CP-23-CR-0000777-2007 is attached hereto as Exhibit A and incorporated by reference.

21.    On or about September 4, 2007, after spending 286 days in confinement, the Honorable Judge Ann Osborne sentenced Mr. Wanamaker on the aforementioned charges.  Exhibit A.

22.    Mr. Wanamaker was sentenced to confinement with a 3 to 23 month sentence on one charge and confinement with a 1 to 6 month sentence on the second charge.  These sentences were to run concurrently.  Exhibit A.

23.    Mr. Wanamaker was placed on immediate parole for both sentences, subject to compliance with Court directives, including a requirement to enroll in and complete a safe driving course.  Exhibit A.

24.     On November 14, 2008, Mr. Wanamaker was found to have violated the conditions of his parole due to his failure to take the safe driving course. Mr. Wanamaker explained to the court that he was experiencing difficulty locating, and obtaining transportation to, the site where the safe driving course was being held. A true and correct copy of the November 14, 2008 Hearing Transcript is attached hereto as Exhibit B and incorporated by reference.

25.     When an individual is sentenced to incarceration by the Court and subsequently released on parole, any violation of the terms of parole subjects the individual to parole revocation. He or she may then be required to serve all or some of the balance of the original sentence. The unserved portion of a prison sentence which an individual would have been compelled to serve had they not been paroled is referred to as "back time." 37 Pa. Code § 61.1.

26.     Due to his violation of the conditions of his parole, Mr. Wanamaker was ordered to serve full back time of 113 days on one charge, and full back time of 592 days for the second charge, again with immediate parole on both matters. Exhibit B.

27.     On or about April 20, 2010, while still on parole for one of the Delaware County convictions, Mr. Wanamaker was arrested and charged for two separate criminal matters in Philadelphia County. A true and correct copy of Criminal Docket Number CP-51-CR-0005754-2010 is attached hereto as Exhibit C and incorporated by reference.

28.     Mr. Wanamaker was sentenced to incarceration for a minimum of two and one half years and up to a maximum of five years in the Philadelphia County case at CP5754. Exhibit C.

29.     Mr. Wanamaker's April 20, 2010 arrest was a violation of his parole in the Delaware County case. Exhibits A and C.

30.     Because Mr. Wanamaker was still on parole for one of the charges in the Delaware County case, he was again subject to back time on that charge.

31.     On or about March 28, 2013, the Honorable Judge George A. Pagano sentenced Mr. Wanamaker to full back-time of 592 days on his Delaware County conviction with immediate parole, to run consecutive with the Philadelphia County sentence.  A true and correct copy of the Delaware County Court of Common Pleas Certificate of Imposition of Judgment of Sentence, dated March 28, 2013, is attached hereto as Exhibit D and incorporated by reference.

32.     The plain language of the March 28, 2013 sentencing order explicitly provided that the 592 days back-time was to be served consecutive to the incarceration sentence for the Philadelphia County conviction with *immediate parole,* and specifically directed Mr. Wanamaker to "[r]eport to AP&P within 48 hours of release" from incarceration on the Philadelphia County conviction.  Exhibit D.

33.     According to the March 28, 2013 sentencing order, Mr. Wanamaker was to be released from incarceration after serving no more than the maximum time imposed for his Philadelphia County sentence.  As such, Mr. Wanamaker should have been released from incarceration at SCI Somerset no later than April 20, 2015.  Exhibit D.

34.     While incarcerated at SCI Somerset, Mr. Wanamaker was provided with his Pennsylvania Department of Corrections Sentence Status Summary, which reflected that the maximum date for his incarceration sentence, as calculated by the Pennsylvania Department of Corrections, was December 2, 2016.  This was incorrect, as Mr. Wanamaker should have been released from incarceration no later than April 20, 2015.  A true and correct copy of the Pennsylvania Department of Corrections Sentence Status Summary is attached hereto as Exhibit E and incorporated by reference.

35.     On July 4, 2014, Mr. Wanamaker submitted an Inmate's Request to Staff Member ("Request"), directed to the Department of Corrections Records Supervisor, making Defendants

aware of the error in his sentence calculation and requesting that it be corrected. A true and correct copy of the July 4, 2014 Inmate's Request to Staff Member is attached hereto as Exhibit F and incorporated by reference.

36.    On July 9, 2014, Defendant Douglas responded, without explanation or any reasonable investigation into the issues raised in Mr. Wanamaker's Request, stating that the sentence calculation of December 2, 2016, was correct. Exhibit F.

37.    Defendant Douglas' July 9, 2014 correspondence to Mr. Wanamaker was the first instance of all Defendants' complete and abject failure to fully and effectively investigate Mr. Wanamaker's complaint, either due to their intentional indifference to Mr. Wanamaker's plight and/or as part of a malicious conspiracy by all Defendants to keep Mr. Wanamaker incarcerated past his maximum date.

38.    Despite Defendant Douglas' evident indifference to the substantial risk that Mr. Wanamaker's sentence was, in fact, incorrectly calculated, Mr. Wanamaker continued to diligently contact Defendants, submitting a dozen Requests to the Records Department over the course of the next year. True and correct copies of these Inmate's Request to Staff Forms, and responses thereto, with Requests dated July 10, 2014; July 18, 2014; July 25, 2014; July 28, 2014; July 31, 2014; May 5, 2015; December 1, 2014; December 4, 2014; December 4, 2014; December 4, 2014; and December 4, 2014 are collectively attached hereto as Exhibits G-Q respectively and incorporated by reference

39.    Each time, Defendants Laura Bloom and Terry Douglas responded that the issue had been addressed and/or they would no longer respond to Mr. Wanamaker's complaints. Exhibits G-Q.

40.    On December 9, 2014, in response to Mr. Wanamaker's December 4, 2014 Request,

and over five months since Mr. Wanamaker's initial inquiry into this matter, Defendant Bloom indicated that the SCI Somerset Records Department Staff had finally contacted the Assistant Records Administrator at Central Office in an effort to verify the calculation of Mr. Wanamaker's maximum date. Although not identified by name in Defendant Bloom's correspondence with Mr. Wanamaker, it is believed and therefore averred that the individual who certified the sentence calculation is Defendant Williams. Exhibit O.

41.    Had Defendant Bloom or Defendant Douglas taken reasonable steps to verify Mr. Wanamaker's sentence calculation prior to December 2015, five months since Mr. Wanamaker's first Request and in response to what was now his twelfth Request submitted to the Records Department, Mr. Wanamaker would have had additional time and opportunity to continue escalating this matter through the proper channels and would not have been incarcerated for five months beyond the expiration of his sentence.

42.    Defendant Bloom's December 9, 2014 correspondence with Mr. Wanamaker indicates that Defendant Williams asserted that the sentence calculation was correct when, in fact, it was not. Exhibit O.

43.    Had Defendant Williams taken reasonable steps to investigate Mr. Wanamaker's Request when this matter was finally brought to her attention, it would have been immediately evident that his sentence was improperly calculated. Defendant Williams therefore took either no action, or only ineffectual action, to certify the calculation of Mr. Wanamaker's sentence or reasonably address the concerns repeatedly raised by Mr. Wanamaker.

44.    Furthermore, Defendant Williams is the individual who was responsible for certifying and signing off on the original erroneous calculation of Mr. Wanamaker's sentence on his Pennsylvania Department of Corrections Sentence Status Summary. Exhibit E.

45.     Had Defendant Williams taken reasonable action, commensurate with her duties as an Assistant Records Administrator, to properly certify the initial calculation of Mr. Wanamaker's sentence, Mr. Wanamaker would not have been incarcerated for over five months beyond his actual maximum date.

46.     In addition to the aforementioned correspondence with Defendant Bloom and Defendant Douglas, Mr. Wanamaker submitted an Official Inmate Grievance, No. 520844 ("Grievance") on August 1, 2014, again explaining that his maximum date was incorrect and pleading for the matter to be addressed.  A true and correct copy of Grievance No. 520844 is attached hereto as Exhibit R and incorporated by reference.

47.     Defendant Bloom denied Grievance No. 520844 on August 5, 2014, insisting that, despite the plain language of Judge Pagano's March 28, 2013 sentencing order, the December 2, 2016 maximum date was correct.  A true and correct copy of the Initial Review Response, wherein Defendant Bloom denies Mr. Wanamaker's Grievance is attached hereto as Exhibit S and incorporated by reference.

48.     On August 18, 2014, Mr. Wanamaker submitted an appeal to the denial of his Grievance to Defendant Wingard, a true and correct copy of which is attached hereto as Exhibit T and incorporated by reference.

49.     This appeal was also denied without reasonable investigation or action. Specifically, despite Defendant Wingard stating in his denial of the appeal that he has reviewed "all the pertinent information related to this issue," he then states that he only reviewed "the original grievance, the grievance officer's response and [the] subsequent appeal."  A true and correct copy of the Facility Manager's Appeal Response form is attached hereto as Exhibit U and incorporated by reference.

50.     Had Defendant Wingard properly supervised the activities of the Records Department, commensurate with his duties as Superintendent, he would have been aware that this Grievance represented Mr. Wanamaker's seventh attempt to have this erroneous calculation rectified, and that the Grievance, the grievance officer's response, and the subsequent appeal alone certainly did not constitute "all pertinent information related to this issue."

51.     Had Defendant Wingard, in being made fully aware of the substantial risk that Mr. Wanamaker's rights were being violated through the miscalculation of his maximum date, taken reasonable steps commensurate with his duties as Superintendent to investigate "all pertinent information related to this issue," he would have been aware that the Grievance, the grievance officer's response, and the subsequent appeal alone certainly did not constitute "all pertinent information related to this issue."

52.     Had Defendant Wingard taken reasonable steps commensurate with his duties as Superintendent to investigate Mr. Wanamaker's appeal to the denial of his Grievance, and actually reviewed "all pertinent information related to this issue," including the numerous Requests Mr. Wanamaker had submitted, it would have been immediately evident that his sentence was improperly calculated.

53.     Each response by Defendants evidenced a refusal to adequately investigate his complaint and properly resolve the issue that Mr. Wanamaker had identified, despite Defendants being in the perfect—and indeed only—position to do so.

54.     On January 7, 2015, Mr. Wanamaker filed a Petition for Habeas Corpus in the United States District Court for the Western District of Pennsylvania, Case No. 3:15-cv-00015-KRG-CRE as related to the miscalculation of his sentence, once again putting Defendants on notice of the erroneous miscalculation.   A true and correct copy of this Petition is attached hereto as

Exhibit V and incorporated by reference.

55.     On September 4, 2015, and after a careful review of the record in the aforementioned Habeus Corpus case, the Federal Court expressed "grave concerns about the issues raised by Mr. Wanamaker, as it appears that the intent of Judge Pagano was for Wanamaker to be immediately paroled upon the completion of his Philadelphia County sentence."    The Court ordered Defendants to file supplemental responses on a number of questions the Court raised regarding the calculation of Mr. Wanamaker's sentence.  A true and correct copy of United States Magistrate Judge Cynthia Reed Eddy's September 4, 2015 Order is attached hereto as Exhibit W and incorporated by reference.

56.     On August 14, 2015, Mr. Wanamaker filed a *pro se* Motion for Credit for Time Served in Delaware County at CP-23-CR-0000777-2007 before Judge George A. Pagano, who originally entered the sentencing order in question, and intended that Mr. Wanamaker serve back-time of 592 days consecutive to the sentence in his Philadelphia County case at CP-51-CR-0005754-2010 with immediate parole.[1]  Exhibits A and D.

57.     Only a month later, on September 24, 2015, Mr. Wanamaker's Motion for Credit for Time Served was granted and his sentence on the Delaware County case was vacated in its entirety.  Exhibit A.

58.     Mr. Wanamaker was released from incarceration two days later, but not until after having spent an unnecessary 5 months in prison.

59.     The resolution of Mr. Wanamaker's Motion for Credit for Time Served

---

[1] The federal court overseeing Mr. Wanamaker's Habeas Corpus Petition at 3:15-cv-00015-KRG-CRE took judicial notice of this filing (CP-23-CR-0000777-2007) and ordered that, to the extent that the "Motion for Credit for Time Served" would be liberally construed as a Petition for Writ of Habeas Corpus, the federal petition at 3:15-cv-00015-KRG-CRE would be stayed pending resolution of that motion.  The Habeas Corpus petition at 3:15-cv-00015-KRG-CRE was subsequently closed on January 4, 2016 following Mr. Wanamaker's release as the Court determined Mr. Wanamaker had obtained the relief requested in that petition.

demonstrates that this issue was well within the control of Defendants; and that Defendants incorrectly calculated his sentence and unjustly and unconstitutionally held to that miscalculation despite being repeatedly notified by Mr. Wanamaker of the error.

60.    The quick response by Judge Pagano, followed by Mr. Wanamaker's subsequent release, highlights the erroneous, intentional, and malicious failure of Defendants in failing to respond effectively to Mr. Wanamaker's continual correspondence regarding his sentence calculation or to take reasonable steps to investigate the proper calculation of Mr. Wanamaker's sentence.

61.    Despite Judge Pagano's sentencing order, which explicitly and unequivocally instructed that Mr. Wanamaker be granted immediate parole on the 592 day back time sentence upon his April 20, 2015 release from incarceration, Defendants did nothing to correct the issue or took only ineffectual action.

62.    Despite being repeatedly informed by Mr. Wanamaker that his sentence was miscalculated, Defendants did nothing to correct the issue or took only ineffectual action.

63.    Despite being informed by Court Order, entered by the Federal Court in response to Mr. Wanamaker's Petition for Habeas Corpus Petition, that the Court had "grave concerns" about the issues raised by Mr. Wanamaker regarding his sentence calculation, Defendants did nothing to correct the issue or took only ineffectual action.

64.    Defendants had multiple opportunities to correct the issue involving Mr. Wanamaker's sentencing miscalculation, and to avoid depriving him of his constitutionally protected rights.  Instead, Defendants wrongfully imprisoned Mr. Wanamaker 159 days longer than his maximum sentence date.

## CAUSES OF ACTION

## COUNT 1 – VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

## EIGHTH AMENDMENT

## (Against All Defendants)

65.     The foregoing paragraphs are incorporated by reference as though fully set forth herein.

66.     Imprisonment beyond a prisoner's prescribed term of incarceration constitutes cruel and unusual punishment within the meaning of the Eighth Amendment to the United States Constitution.  *Sample v. Diecks,* 885 F.2d 1099, 1107-1108(3d Cir. 1989).

67.     Unnecessary punishment includes incarceration "without penological justification."  *Id.,* quoting *Gregg v. Georgia,* 482 U.S. 153, 173 (1976).  If a prisoner can show the defendants acted with deliberate indifference, then any punishment past the prisoner's term is cruel and unusual.  *Granberry v. Chairman of Pa. Bd. Of Prob. And Parole,* 396 F. App'x 877, 880 (3d Cir. 2010).

68.     As alleged herein and above, Defendants were, at all relevant times, acting under color of state law to deprive Mr. Wanamaker of constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States Constitution and made applicable to the states through the Fourteenth Amendment to the United States Constitution.

69.     Defendant Bloom, Defendant Douglas, and Defendant Williams were, at all relevant times, employees of the Pennsylvania Department of Corrections acting in their official and individual capacities and under the color of state law when they knew of the improper calculation of Mr. Wanamaker's sentence and refused to investigate or correct the issue, or only took ineffectual actions, in response to Mr. Wanamaker's repeated Requests.

70.    Defendant Wingard was, at all relevant times, an employee of the Pennsylvania Department of Corrections acting in his official and individual capacity and under the color of state law when he knew of the improper calculation of Mr. Wanamaker's sentence and refused to investigate or correct the issue, or only took ineffectual actions in response to Mr. Wanamaker's repeated Requests and in response to Mr. Wanamaker's appeal to the denial of Grievance No. 520844.

71.    Defendant Wingard was at all relevant times an employee of the Pennsylvania Department of Corrections acting in his official and individual capacity and under the color of state law when he failed to properly train or supervise Department of Corrections employees in the proper administration and calculation of prisoner sentences, and resolution of complaints regarding sentencing calculation.

72.    Defendant Pennsylvania D.O.C. was acting under the color of state law in its administration of the policies and procedures related to the calculation of prisoner sentences and handling any issues that arise as a result of calculating sentences, including but not limited to any complaints that sentences are improperly calculated.

73.    Defendant Pennsylvania D.O.C., acting under color of state law, has either promulgated policies and procedures that are insufficient to address inquiries into sentence calculations or the handling of sentence calculation complaints, or has failed to promulgate policies and procedures that address inquiries into sentence calculations and the handling of sentence calculation complaints, resulting in the violation of Mr. Wanamaker's Eighth Amendment rights

74.    Mr. Wanamaker was subjected to excessive cruel and unusual punishment in violation of the 8th Amendment, as he was incarcerated 159 days beyond his sentence end date

due to a miscalculation that was brought to Defendants' attention and not appropriately investigated, corrected, and/or ignored.

75.    The scope of each Defendants' duties and the role each Defendant played in the everyday life of the prison inherently required all Defendants to respond reasonably to the known substantial risk that Mr. Wanamaker's protected rights were being violated.    Defendants' responses, or lack of response, were directly connected to Mr. Wanamaker plight. Had defendants taken prompt and adequate action,  Mr. Wanamaker would not have been subjected to cruel and unusual punishment through his continued incarceration without penological justification.

76.    As a result of Defendants' unconstitutional actions, Mr. Wanamaker was incarcerated 159 days beyond his sentence end date and suffered damages related to this incarceration including but not limited to, mental distress, emotional distress, loss of employment opportunity, and loss of constitutionally protected liberty.

WHEREFORE, Plaintiff demands judgment against Defendants for damages (exclusive of interest and costs), together with interest, costs, and such other and further relief as the Court deems just and proper.

## COUNT 2 – VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

## FIFTH AND FOURTEENTH AMENDMENTS

### (Against All Defendants)

77.    The foregoing paragraphs are incorporated by reference as though fully set forth herein.

78.    As alleged herein and above, Defendants were, at all relevant times, acting under color of state law to deprive Mr. Wanamaker of constitutionally protected rights including, but not

limited to, his right to be protected from the deprivation of his liberty without due process of law as required under the Fifth and Fourteenth Amendments to the United States Constitution.

79.     Specifically, Defendants were responsible for establishing, administering, maintaining, and effectuating policies and procedures that comport with the requirements of due process.  Due process entitled Mr. Wanamaker an opportunity to have his complaints regarding the miscalculation of his maximum date meaningfully and expeditiously considered.  *Sample,* 885 F.2d at 1115.  However, Defendants deprived Mr. Wanamaker of his constitutional right to liberty by holding Mr. Wanamaker 159 days beyond his maximum sentence without meaningful or expeditious consideration, despite Mr. Wanamaker having repeatedly attempted to utilize the established process whereby such complaints could purportedly be heard.

80.     Defendants Laura Bloom, Terry Douglas, and Nora Williams were at all relevant times employees of the Pennsylvania Department of Correction acting in their official and individual capacities and under the color of state law when they knew of the improper calculation of Mr. Wanamaker's sentence and refused to investigate or correct the issue.

81.     Defendant Wingard was at all relevant times an employee of the Pennsylvania Department of Correction acting in his official and individual capacity as and under the color of state law when he knew of the improper calculation of Mr. Wanamaker's sentence and refused to investigate or correct the issue, or only took ineffectual actions in response to Mr. Wanamaker's repeated Requests and in response to Mr. Wanamaker's appeal to the denial of Grievance No. 520844.

82.     Defendant Wingard was at all relevant times an employee of the Pennsylvania Department of Corrections acting in his individual and official capacity, and under the color of state law, when he failed to properly train or supervise Department of Corrections employees in

- 16 -

the proper administration and calculation of prisoner sentences and resolution of complaints regarding sentencing calculation.

83.    Defendant Pennsylvania D.O.C. was acting under the color of state law in its administration of the policies and procedures related to the calculation of prisoner sentences appropriately and handling any issues that arise as a result of calculating sentences, including but not limited to any complaints that sentences are improperly calculated.

84.    Defendant Pennsylvania D.O.C., acting under color of state law, has either promulgated policies and procedures that are insufficient to protect the Due Process rights of prisoners or has failed to promulgate policies and procedures that address sentence calculations and the handling of sentence calculations complaints.

85.    Mr. Wanamaker was denied liberty without due process of law in violation of the 5th and 8th Amendment, as he was incarcerated 159 days beyond his sentence end date due to a miscalculation that was brought to Defendants' attention and not appropriately investigated, corrected, and/or ignored.  Defendants either failed to act or took only ineffectual action which demonstrated Defendants' deliberate indifference to Mr. Wanamaker's plight and constitutionally protected rights.

86.    Furthermore, due process considerations under the 5th and 14th amendment favor meaningful and expeditious consideration of claims involving accusation of sentence miscalculations.  Defendants failed to provide any meaningful or expeditious consideration to Mr. Wanamaker's attempts to alert them that his sentence was miscalculated as Defendants provided only flippant and dismissive remarks that his sentence was calculated correctly, despite knowing that a Judge had issued a sentencing order that could be, and was intended to be, interpreted to release Mr. Wanamaker earlier then the Defendants intended to hold him.

87.     Defendants' responses, or lack of response, were directly connected to Mr. Wanamaker plight.  Had Defendants taken prompt and adequate action, Mr. Wanamaker would not have been subjected to the deprivation of his liberty without due process of law in violation of his constitutional rights.

88.     As a result of Defendants' unconstitutional actions, Mr. Wanamaker was incarcerated 159 days beyond his sentence end date and suffered damages related to this incarceration including but not limited to, mental distress, emotional distress, loss of employment opportunity, and loss of constitutionally protected liberty.

WHEREFORE, Plaintiff demands judgment against Defendants for damages (exclusive of interest and costs), together with interest, costs, and such other and further relief as the Court deems just and proper.

## COUNT 3 – FAILURE TO SUPERVISE, DISCIPLINE, AND TRAIN (42 U.S. § 1983)

## (Against Defendants Pennsylvania Department of Corrections and Trevor Wingard)

89.      The foregoing paragraphs are incorporated by reference as though fully set forth herein.

90.     Defendant Wingard was at all relevant times an employee of the Pennsylvania Department of Corrections acting in his individual and official capacity, and under the color of state law, when he failed to properly train or supervise Department of Corrections employees in the proper administration and calculation of prisoner sentences and resolution of complaints regarding sentencing calculation.

91.     Defendant Pennsylvania D.O.C. was acting under the color of state law in its administration of the policies and procedures related to the training of employees in the proper

calculation of prisoner sentences and handling any issues that arise as a result of calculating sentences, including but not limited to any complaints that sentences are improperly calculated.

92.    Defendant Pennsylvania D.O.C. and Defendant Wingard were responsible for supervising, training, and disciplining employees of the Department of Corrections, including but not limited to employees responsible for the calculation of sentencing times and the handling of complaints regarding erroneous sentencing calculations.

93.    Defendant Pennsylvania D.O.C. and Defendant Wingard's failure to train and failure to supervise directly resulted in Mr. Wanamaker being deprived of his constitutional rights.

94.    Defendant Pennsylvania D.O.C. and Defendant Wingard failed to train and/or supervise employees.  Specifically:

        a.    Employees were not properly trained or supervised on sentence calculation;

        b.    Employees were not properly trained or supervised on handling sentence calculation complaints/disputes;

        c.    Employees were unwilling or unable to investigate sentence calculations due to lack of training or supervision;

        d.    Employees failed to properly document sentence calculations;

        e.    Employees failed to properly document sentence calculations complaints;

        f.    Employees failed to provide adequate resolution to sentence calculations complaints; and

        g.    Employees failed to make basic and necessary inquiries regarding sentencing terms when the contents of a Court Order were unclear or in question.

95.    This failure to supervise and train was the moving cause behind Mr. Wanamaker's confinement past his sentence end date and his deprivation of constitutional rights.

96.    Defendant Pennsylvania D.O.C. and Defendant Wingard were deliberately indifferent to the rights of the prisoners in its custody, because they were aware of and intentionally ignored such failures in training, discipline, and supervision.

97.    The need for training, supervision and discipline is made evident by the consequences of the absence or insufficiency of such training, supervision and discipline– specifically, the deprivation of prisoners' constitutional rights such as was suffered by Mr. Wanamaker.

98.    The need for proper supervision, training, and disciplining of Department of Corrections employees was made known to Defendant Pennsylvania D.O.C. and Defendant Wingard through their awareness of Mr. Wanamaker's repeated submission of Requests and Grievances in an effort to defend his constitutional rights.  Were employees of the Department of Corrections appropriately supervised, disciplined, and trained, a single request from Mr. Wanamaker should have sufficed to address the calculation error.

99.    As the risks of constitutional violations associated with the failure to train, supervise, and discipline were abundantly clear and so obvious to Defendant Pennsylvania D.O.C. and Defendant Wingard, the failure to train, supervise and discipline constitutes a constitutional violation.

100.    Defendant Pennsylvania D.O.C. and Defendant Wingard were aware of alternative policies and practices that would have protected Mr. Wanamaker's constitutional rights, including but not limited to a brief correspondence with Mr. Wanamaker's sentencing Judge to clarify his order, but chose to implement and allow constitutionally deficient policies and practices.

101.    As a result of Defendant Pennsylvania D.O.C. and Defendant Wingard's failure to properly train, supervise, and discipline, Mr. Wanamaker was incarcerated 159 days beyond his

sentence end date and suffered damages related to this incarceration including but not limited to, mental distress, emotional distress, loss of employment opportunity, and loss of constitutionally protected liberty.

WHEREFORE, Plaintiff demands judgment against Defendants for damages (exclusive of interest and costs), together with interest, costs, and such other and further relief as the Court deems just and proper.

## COUNT 4 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S. § 1985(3))

## (Against Defendants Laura Bloom, Terry Douglas, Nora Williams and Trevor Wingard)

102.    The foregoing paragraphs are incorporated by reference as though fully set forth herein.

103.    Defendants Laura Bloom, Terry Douglas, and Nora Williams were at all relevant times employees of the Pennsylvania Department of Correction acting in their official and individual capacities and under the color of state law when they knew of the improper calculation of Mr. Wanamaker's sentence and refused to investigate or correct the issue.

104.    Defendant Wingard was at all relevant times an employee of the Pennsylvania Department of Correction acting in his official and individual capacity as and under the color of state law when he knew of the improper calculation of Mr. Wanamaker's sentence and refused to investigate or correct the issue, or only took ineffectual actions in response to Mr. Wanamaker's repeated Requests and in response to Mr. Wanamaker's appeal to the denial of Grievance No. 520844.

105.    Defendants Laura Bloom, Terry Douglas, and Nora Williams acted in conspiracy to deprive Mr. Wanamaker, either directly or indirectly, of his constitutionally protected civil rights.

106.    This conspiracy was motivated by racial animus.

107.    This conspiracy intended to keep Mr. Wanamaker incarcerated for 592 days beyond his sentence end date, despite being notified of the sentence calculation error and despite the plain language of Judge Pagano's Order which explicitly and unequivocally ordered immediate parole and would have concluded Mr. Wanamaker's sentence on April 20, 2015.

108.    Defendants Laura Bloom, Terry Douglas, and Nora Williams were notified of the sentence miscalculation multiple times, either directly or indirectly, and they conspired to either ignore this miscalculation or intentionally obfuscate this miscalculation.

109.    As a result of this conspiracy, Mr. Wanamaker spent an unnecessary and unconstitutional 159 additional days in prison.

110.    As a result of Defendants Laura Bloom, Terry Douglas, and Nora Williams' conspiracy, Mr. Wanamaker was incarcerated 159 days beyond his sentence end date and suffered damages related to this incarceration including but not limited to, mental distress, emotional distress, loss of employment opportunity, and loss of constitutionally protected liberty.

WHEREFORE, Plaintiff demands judgment against Defendants for damages (exclusive of interest and costs), together with interest, costs, and such other and further relief as the Court deems just and proper.

## COUNT 5 – FALSE IMPRISONMENT

### (Against All Defendants)

111.    The foregoing paragraphs are incorporated by reference as though fully set forth herein.

112.    Defendants acted with intent to confine Mr. Wanamaker within the fixed boundaries of SCI Somerset and/or other facilitates operated by the Department of Corrections for 592 days beyond his sentence end date.

113.    Defendants were aware that they intended to confine Mr. Wanamaker for 592 beyond his sentence end date, as Mr. Wanamaker notified them of the sentencing calculation error throughout 2014 and 2015.

114.    Defendants acted directly to confine Mr. Wanamaker, as when Defendants were notified of the sentencing calculation error, they refused to properly investigate the matter and adhered to the improperly calculated maximum date, which was 592 days beyond his actual maximum date.

115.    Mr. Wanamaker had no means of escape, as he intended to dutifully serve his original prison sentence that should have ended on April 20, 2015.

116.    As a result of Defendants' false imprisonment, Mr. Wanamaker was incarcerated 159 days beyond his sentence end date and suffered damages related to this incarceration including but not limited to, mental distress, emotional distress, loss of employment opportunity, and loss of constitutionally protected liberty.

WHEREFORE, Plaintiff demands judgment against Defendants for damages (exclusive of interest and costs), together with interest, costs, and such other and further relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff requests judgment as follows:

A.    Judgment in his favor, against Defendants, pursuant to 42 U.S.C. § 1983 in an amount to be determined at trial, including interest, delay damages, costs of suit, general and specific damages, punitive and exemplary damages as provided by law, and attorneys' fees under

Section 1985 and 1988.

  B. Judgment in his favor, against Defendants, pursuant to 42 U.S.C. § 1985 in an amount in amount to be determined at trial, including interest, delay damages, costs of suit, general and specific damages, punitive and exemplary damages as provided by law, and attorneys' fees under Section 1985 and 1988.

  C. Judgment in his favor, against Defendants, for false imprisonment in an amount in to be determined at trial, including interest, delay damages, costs of suit, general and specific damages, punitive and exemplary damages as provided by law, and attorneys' fees as provided by law.

  D. Granting Plaintiff such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

  Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: August 11, 2021

           Respectfully submitted,


           */s/Marguerite Goglia*
           Marguerite Goglia (P.A. 325060)
           Email: mgoglia@reedsmith.com
           REED SMITH LLP
           Reed Smith Centre
           225 Fifth Avenue
           Pittsburgh, PA  15222-2716
           Telephone: +1 412 288 3131
           Facsimile: +1 412 288 3063

           *Counsel for Defendant*
           *Darren L. Wanamaker*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN L. WANAMAKER, | Civil Action No. 3:17-CV-133-KRG-KAP |
| Plaintiff, | |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | JURY TRIAL DEMANDED |
| Defendant. | |

**SECOND AMENDED COMPLAINT EXHIBITS
TABLE OF CONTENTS**

| Exhibit A | Criminal Docket No. CP-23-CR-0000777-2007 | 000001-000010 |
|---|---|---|
| Exhibit B | November 14, 2008 Hearing Transcript | 000011-000017 |
| Exhibit C | Criminal Docket No. CP-51-CR-0005754-2010 | 000018-000029 |
| Exhibit D | Delaware County Court of Common Pleas Certificate of Imposition of Judgment of Sentence | 000030 |
| Exhibit E | Pennsylvania Department of Corrections Sentence Status Summary | 000031-000033 |
| Exhibit F | Inmate's Request to Staff Member, dated July 4, 2014 | 000034 |
| Exhibit G | Inmate's Request to Staff Member, dated July 10, 2014 | 000035 |
| Exhibit H | Inmate's Request to Staff Member, dated July 18, 2014 | 000036 |
| Exhibit I | Inmate's Request to Staff Member, dated July 25, 2014 | 000037 |
| Exhibit J | Inmate's Request to Staff Member, dated July 28, 2014 | 000038-000039 |
| Exhibit K | Inmate's Request to Staff Member, dated July 31, 2014 | 000040 |
| Exhibit L | Inmate's Request to Staff Member, dated May 5, 2015 | 000041 |
| Exhibit M | Inmate's Request to Staff Member, dated December 1, 2015 | 000042 |
| Exhibit N | Inmate's Request to Staff Member, dated December 4, 2015 | 000043 |

| | (correspondence 1 of 4 on this date) | |
|---|---|---|
| Exhibit O | Inmate's Request to Staff Member, dated December 4, 2015 (correspondence 2 of 4 on this date) | 000044-000045 |
| Exhibit P | Inmate's Request to Staff Member, dated December 4, 2015 (correspondence 3 of 4 on this date) | 000046 |
| Exhibit Q | Inmate's Request to Staff Member, dated December 4, 2014 (correspondence 4 of 4 on this date) | 000047-000048 |
| Exhibit R | Official Inmate Grievance, No. 520844 | 000049 |
| Exhibit S | Initial Review Response, denying Grievance No. 520844 | 000050 |
| Exhibit T | First Level of Appeal to Grievance No. 520844 | 000051-000052 |
| Exhibit U | Facility Manager's Appeal Response | 000053 |
| Exhibit V | Petition for Habeas Corpus, No. 3:15-cv-00015-KRG-CRE | 000054-000062 |
| Exhibit W | September 4, 2015 Order in No. 3:15-cv-00015-KRG-CRE | 000063-000065 |

Respectfully submitted,


*/s/Marguerite Goglia*
Marguerite Goglia (P.A. 325060)
Email:    mgoglia@reedsmith.com
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

*Counsel for Defendant*
*Darren L. Wanamaker*

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**
# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Darren Lionel Wanamaker

Page 1 of 10

## CASE INFORMATION

| | | | |
|---|---|---|---|
| <u>Judge Assigned:</u> Osborne, Ann | | <u>Date Filed:</u> 02/02/2007 | <u>Initiation Date:</u> 11/23/2006 |
| <u>OTN:</u> L 322933-2 | <u>LOTN:</u> L 322933-2 | <u>Originating Docket No:</u> MJ-32247-CR-0000381-2006 | |
| <u>Initial Issuing Authority:</u> John J. Perfetti | | <u>Final Issuing Authority:</u> John J. Perfetti | |
| <u>Arresting Agency:</u> Lansdowne Boro Police Dept | | <u>Arresting Officer:</u> Rutherford, Kenneth C. Jr. | |
| <u>Complaint/Citation No.:</u> 3M8632 | | <u>Incident Number:</u> | |
| <u>Case Local Number Type(s)</u> | | <u>Case Local Number(s)</u> | |

## RELATED CASES

| <u>Related Docket No</u> | <u>Related Case Caption</u> | <u>Related Court</u> | <u>Association Reason</u> |
|---|---|---|---|
| **Related Diagnostic/Other Costs** | | | |
| CP-23-MD-0000216-2007 | In Re: Magisterial District Judge Mat | CP-32-23-Crim | Same MDJ Case |

## STATUS INFORMATION

| Case Status: | Closed | <u>Status Date</u> | <u>Processing Status</u> | <u>Arrest Date:</u> | 11/23/2006 |
|---|---|---|---|---|---|
| | | 03/28/2013 | Sentenced/Penalty Imposed | | |
| | | 11/14/2008 | Sentenced/Penalty Imposed | | |
| | | 09/04/2007 | Sentenced/Penalty Imposed | | |
| | | 09/04/2007 | Awaiting Sentencing | | |
| | | 08/01/2007 | Awaiting Trial Scheduling | | |
| | | 02/02/2007 | Awaiting Filing of Information | | |
| | | 02/02/2007 | Awaiting Formal Arraignment | | |
| | | | | <u>Complaint Date:</u> | 11/23/2006 |

## CALENDAR EVENTS

| <u>Case Calendar Event Type</u> | <u>Schedule Start Date</u> | <u>Start Time</u> | <u>Room</u> | <u>Judge Name</u> | <u>Schedule Status</u> |
|---|---|---|---|---|---|
| Formal Arraignment | 03/01/2007 | 8:00 am | | | Scheduled |
| Bench Warrant Hearing | 07/26/2007 | 11:00 am | | | Scheduled |
| Pre-Trial Conference | 09/04/2007 | 9:00 am | Courtroom 6 | Senior Judge Ann Osborne | Scheduled |
| Gagnon II | 03/28/2013 | 9:30 am | Courtroom 9 | Judge George A. Pagano | Scheduled |
| Criminal Miscellaneous | 09/22/2015 | 8:00 am | Courtroom 9 | Judge George A. Pagano | Scheduled |

CPCMS 9082

Printed: 06/09/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

WANAMAKER 000001

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Darren Lionel Wanamaker

Page 2 of 10

## DEFENDANT INFORMATION

Date Of Birth:          09/12/1965          City/State/Zip:  Philadelphia,, PA  19143

Alias Name
Bush, Jason
Hollis, Xavier
Terrell, Antwyn
Terrell, Antwynne
WANAMAKER, DARREN
WANAMKER, DARREN
Wanamaker, Darren L.

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Wanamaker, Darren Lionel |

## BAIL INFORMATION

**Wanamaker, Darren Lionel**                                                                                   **Nebbia Status:  None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 11/23/2006 | Monetary | 10.00% | $5,000.00 | | |
| Set (bail modification) | 01/25/2007 | Unsecured | | $5,000.00 | | |
| | | | | | Posted | 01/25/2007 |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 4 | M | 75 § 3802 §§ A1* | DUI: Gen Imp/Inc of Driving Safely - 1st Off | 11/23/2006 | L 322933-2 |
| 2 | 9 | M | 75 § 3802 §§ D1* | DUI: Controlled Substance or Metabolite 1st Offense | 11/23/2006 | L 322933-2 |
| 3 | 2 | M2 | 18 § 3928 §§ A | Unauth Use Motor/Other Vehicles | 11/23/2006 | L 322933-2 |
| 5 | 5 | M | 35 § 780-113 §§ A32 | Use/Poss Of Drug Paraph | 11/23/2006 | L 322933-2 |
| 6 | 6 | M | 35 § 780-113 §§ A32 | Use/Poss Of Drug Paraph | 11/23/2006 | L 322933-2 |
| 7 | 7 | M | 35 § 780-113 §§ A32 | Use/Poss Of Drug Paraph | 11/23/2006 | L 322933-2 |
| 8 | 8 | M | 35 § 780-113 §§ A32 | Use/Poss Of Drug Paraph | 11/23/2006 | L 322933-2 |
| 9 | 3 | M | 35 § 780-113 §§ A32 | Use/Poss Of Drug Paraph | 11/23/2006 | L 322933-2 |
| 10 | 1 | F3 | 18 § 3925 §§ A | Receiving Stolen Property | 11/23/2006 | L 322933-2 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | | Disposition Date | Final Disposition | |
|---|---|---|---|---|
| Sequence/Description | | Offense Disposition | Grade | Section |
| Sentencing Judge | | Sentence Date | Credit For Time Served | |

CPCMS 9082                                                                                                                                Printed:  06/09/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000002

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Darren Lionel Wanamaker

Page 3 of 10

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | | |
|---|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section | |
| Sentencing Judge | Sentence Date | | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date | |
| Sentence Conditions | | | | |

**Lower Court Proceeding (generic)**

| | | | | |
|---|---|---|---|---|
| Lower Court Disposition | 01/25/2007 | Not Final | | |
| 1 / DUI: Gen Imp/Inc of Driving Safely - 1st Off | Waived for Court (Lower Court) | M | 75 § 3802 §§ A1* | |
| 2 / DUI: Controlled Substance or Metabolite 1st Offense | Waived for Court (Lower Court) | M | 75 § 3802 §§ D1* | |
| 3 / Unauth Use Motor/Other Vehicles | Waived for Court (Lower Court) | M2 | 18 § 3928 §§ A | |
| 5 / Use/Poss Of Drug Paraph | Waived for Court (Lower Court) | M | 35 § 780-113 §§ A32 | |
| 6 / Use/Poss Of Drug Paraph | Waived for Court (Lower Court) | M | 35 § 780-113 §§ A32 | |
| 7 / Use/Poss Of Drug Paraph | Waived for Court (Lower Court) | M | 35 § 780-113 §§ A32 | |
| 8 / Use/Poss Of Drug Paraph | Waived for Court (Lower Court) | M | 35 § 780-113 §§ A32 | |
| 9 / Use/Poss Of Drug Paraph | Waived for Court (Lower Court) | M | 35 § 780-113 §§ A32 | |
| 10 / Receiving Stolen Property | Withdrawn | F3 | 18 § 3925 §§ A | |

**Guilty Plea**

| | | | | |
|---|---|---|---|---|
| Pre-Trial Conference | 09/04/2007 | Final Disposition | | |
| 1 / DUI: Gen Imp/Inc of Driving Safely - 1st Off | Nolle Prossed | M | 75 § 3802 §§ A1* | |
| Osborne, Ann | 09/04/2007 | | | |
| Hazel, Frank T. | 11/14/2008 | | | |
| Pagano, George A. | 03/28/2013 | | | |

| | | | | |
|---|---|---|---|---|
| 2 / DUI: Controlled Substance or Metabolite 1st Offense | Guilty Plea | M | 75 § 3802 §§ D1* | |
| Osborne, Ann | 09/04/2007 | | | |
| Confinement | Min of 1.00 Months | | | |
| | Max of 6.00 Months | | | |
| | Other | | | |

Pay fine(s) in the amount of $1,000.00

Attend and successfully complete AHSS.

Undergo CRN evaluation.

Perform 80 hours of community service.

Have no direct or indirect contact with Christopher Esposito.

Undergo a drug and alcohol evaluation; enroll in and successfully complete any recommended treatment.

Pay $100.00 mandatory cost assessed pursuant to Substance Abuse Education and Demand Reduction Fund.

| | | | | |
|---|---|---|---|---|
| Hazel, Frank T. | 11/14/2008 | | | |
| Confinement | Max of 113.00 Days | | | |
| | Other | | | |

CPCMS 9082

Printed: 06/09/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000003

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**
## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Darren Lionel Wanamaker

Page 4 of 10

## DISPOSITION SENTENCING/PENALTIES

| Disposition | | |
|---|---|---|
| Case Event | Disposition Date | Final Disposition |
|    Sequence/Description |    Offense Disposition | Grade   Section |
|      Sentencing Judge |      Sentence Date | Credit For Time Served |
|        Sentence/Diversion Program Type |        Incarceration/Diversionary Period |    Start Date |
|          Sentence Conditions | | |

Comply with following directive(s) of Court: Total confinement is full backtime of 113 days. Immediate parole. Complete safe driving classes within 60 days.
Bench Warrant Rescinded

| | | | | |
|---|---|---|---|---|
| Pagano, George A. | 03/28/2013 | | | |
|   No Further Penalty | | | | |

| 3 / Unauth Use Motor/Other Vehicles | Guilty Plea | M2 | 18 § 3928 §§ A |
|---|---|---|---|
| Osborne, Ann | 09/04/2007 | | |
|   Confinement |     Min of 3.00 Months | | |
| |     Max of 23.00 Months | | |
| |     3-23 Months | | |
| Hazel, Frank T. | 11/14/2008 | | |
|   Confinement |     Max of 592.00 Days | | |
| |     Other | | |
| Pagano, George A. | 03/28/2013 | | |
|   Confinement |     Max of 592.00 Days | | |
| |     Other | | |

Placed on immediate parole.

Bench Warrant Rescinded

Comply with General Rules and Regulations Governing Probation and/or Parole.

Comply with following directive(s) of Court: Complete safe driving classes, intensive outpatient treatment and 64 original and 32 penalty hours of community service. Defendent to receive credit for any conditions already completed. Report to AP&P within 48 hours of release.

| 5 / Use/Poss Of Drug Paraph | Nolle Prossed | M | 35 § 780-113 §§ A32 |
|---|---|---|---|
| Osborne, Ann | 09/04/2007 | | |
| Hazel, Frank T. | 11/14/2008 | | |
| Pagano, George A. | 03/28/2013 | | |

| 6 / Use/Poss Of Drug Paraph | Nolle Prossed | M | 35 § 780-113 §§ A32 |
|---|---|---|---|
| Osborne, Ann | 09/04/2007 | | |
| Hazel, Frank T. | 11/14/2008 | | |
| Pagano, George A. | 03/28/2013 | | |

| 7 / Use/Poss Of Drug Paraph | Nolle Prossed | M | 35 § 780-113 §§ A32 |
|---|---|---|---|
| Osborne, Ann | 09/04/2007 | | |
| Hazel, Frank T. | 11/14/2008 | | |
| Pagano, George A. | 03/28/2013 | | |

Printed: 06/09/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

WANAMAKER 000004

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Darren Lionel Wanamaker

Page 5 of 10

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| 8 / Use/Poss Of Drug Paraph | Nolle Prossed | M | 35 § 780-113 §§ A32 |
| Osborne, Ann | 09/04/2007 | | |
| Hazel, Frank T. | 11/14/2008 | | |
| Pagano, George A. | 03/28/2013 | | |
| 9 / Use/Poss Of Drug Paraph | Nolle Prossed | M | 35 § 780-113 §§ A32 |
| Osborne, Ann | 09/04/2007 | | |
| Hazel, Frank T. | 11/14/2008 | | |
| Pagano, George A. | 03/28/2013 | | |
| 10 / Receiving Stolen Property | Withdrawn | F3 | 18 § 3925 §§ A |
| Osborne, Ann | 09/04/2007 | | |
| Hazel, Frank T. | 11/14/2008 | | |
| Pagano, George A. | 03/28/2013 | | |

**LINKED SENTENCES:**

**Link 1**

CP-23-CR-0000777-2007 - Seq. No. 2 (18§ 3928 §§ A) - Confinement is Consecutive to

CP-51-CR-0005754-2010 - Seq. No. 3 (18§ 3503 §§ A1II) - Confinement

CPCMS 9082

Printed: 06/09/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000005

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**
# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Darren Lionel Wanamaker

Page 6 of 10

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| <u>Name:</u>    John Joseph Whelan | <u>Name:</u>    Denis E. Leonard III |
| District Attorney | Public Defender |
| <u>Supreme Court No:</u>   044253 | <u>Supreme Court No:</u>   089531 |
| <u>Phone Number(s):</u> | <u>Rep. Status:</u>   Active |
| 610-891-4168     (Phone) | <u>Phone Number(s):</u> |
| <u>Address:</u> | 610-891-4105     (Phone) |
| Delaware CO Da's Office | <u>Address:</u> |
| 201 W Front St | De County Pd's Office |
| Media, PA 19063-2797 | 220 N Jackson St |
| | Media, PA 19063-2340 |
| <u>Name:</u>     Delaware County District Attorney's Office | |
| Prosecutor | Representing: Wanamaker, Darren Lionel |
| <u>Supreme Court No:</u> | |
| <u>Phone Number(s):</u> | |
| 610-891-4168     (Phone) | |
| <u>Address:</u> | |
| Delaware County Courthouse | |
| 201 West Front Street | |
| Media, PA 19063 | |

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/23/2006 | | Perfetti, John J. |
| Bail Set - Wanamaker, Darren Lionel | | | |
| 1 | 01/25/2007 | | Perfetti, John J. |
| Bail Set - Wanamaker, Darren Lionel | | | |
| 2 | 01/25/2007 | | Wanamaker, Darren Lionel |
| Bail Posted - Wanamaker, Darren Lionel | | | |
| 2 | 02/02/2007 | | Court of Common Pleas - Delaware County |
| Original Papers Received from Lower Court | | | |
| 1 | 09/04/2007 | | Osborne, Ann |
| Guilty Plea | | | |
| 2 | 09/04/2007 | | Osborne, Ann |
| Disposition Filed | | | |

CPCMS 9082

Printed: 06/09/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

WANAMAKER 000006

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**
## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Darren Lionel Wanamaker

Page 7 of 10

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 09/04/2007 | | Leonard, Denis E. III<br>Wanamaker, Darren Lionel |
| Guilty Plea Statement Filed | | | |
| 4 | 09/04/2007 | | Osborne, Ann |
| Order - Sentence/Penalty Imposed | | | |
| 5 | 09/04/2007 | | Leonard, Denis E. III<br>Wanamaker, Darren Lionel |
| Statement of Post-Sentence Rights Filed | | | |
| 1 | 09/12/2007 | | Gaston, Deborah L. |
| DL-21 to be Prepared | | | |
| 1 | 09/20/2007 | | Osborne, Ann |
| Guideline Sentence Form | | | |
| 2 | 11/14/2008 | | Hazel, Frank T. |
| Order - Sentence/Penalty Imposed | | | |
| 3 | 11/14/2008 | | Hazel, Frank T. |
| Gagnon II Hearing Held | | | |
| 1 | 03/28/2013 | | Pagano, George A. |
| Order - Sentence/Penalty Imposed | | | |
| 2 | 03/28/2013 | | Pagano, George A. |
| Gagnon II Hearing Held | | | |
| 1 | 09/24/2013 | | Court of Common Pleas - Delaware County |
| Entry of Civil Judgment | | | |
| 1 | 07/21/2014 | | Wanamaker, Darren Lionel |
| Case Correspondence | | | |
| 1 | 12/05/2014 | | Wanamaker, Darren Lionel |
| Case Correspondence | | | |

CPCMS 9082

Printed: 06/09/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000007

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Darren Lionel Wanamaker

Page 8 of 10

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 08/03/2015 | | Wanamaker, Darren Lionel |
| Case Correspondence | | | |
| 1 | 08/14/2015 | | Wanamaker, Darren Lionel |
| Case Correspondence - Responded to ltr received 8-11-15 | | | |
| 2 | 08/14/2015 | | Wanamaker, Darren Lionel |
| Defendant's Pro Se Motion for Credit for Time Served | | | |
| Leonard, Denis E. III | | | |
| 08/14/2015 | | Interoffice | |
| 1 | 09/16/2015 | | Pagano, George A. |
| Notice of Hearing Scheduled for 9/22/15 @ 9:00AM in CRTRM 9 before Judge Pagano | | | |
| 1 | 09/17/2015 | | Pagano, George A. |
| Transportation Order | | | |
| 1 | 09/24/2015 | | Pagano, George A. |
| Sentence Vacated - Commonwealth Court | | | |
| Leonard, Denis E. III | | | |
| 09/25/2015 | | Interoffice | |
| Whelan, John Joseph | | | |
| 09/25/2015 | | Interoffice | |

CPCMS 9082

Printed: 06/09/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

WANAMAKER 000008

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Darren Lionel Wanamaker

Page 9 of 10

## CASE FINANCIAL INFORMATION

Last Payment Date:                                                                 Total of Last Payment:

| Wanamaker, Darren Lionel Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Constable (Delaware) | $42.00 | $0.00 | $0.00 | $0.00 | $42.00 |
| Constable (Delaware) | $38.00 | $0.00 | $0.00 | $0.00 | $38.00 |
| Constable (Delaware) | $40.00 | $0.00 | $0.00 | $0.00 | $40.00 |
| Constable (Delaware) | $58.00 | $0.00 | $0.00 | $0.00 | $58.00 |
| Constable (Delaware) | $56.00 | $0.00 | $0.00 | $0.00 | $56.00 |
| Constable (Delaware) | $38.00 | $0.00 | $0.00 | $0.00 | $38.00 |
| Bench Warrant (Delaware) | $75.00 | $0.00 | $0.00 | $0.00 | $75.00 |
| Automation OJS Fee (Delaware) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Community Service - Adult (Delaware) | $100.00 | $0.00 | $0.00 | $0.00 | $100.00 |
| District Attorney (Delaware) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Sheriff (Delaware) | $40.00 | $0.00 | $0.00 | $0.00 | $40.00 |
| State Court Costs (Act 204 of 1976) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $8.60 | $0.00 | $0.00 | $0.00 | $8.60 |
| County Court Cost (Act 204 of 1976) | $27.90 | $0.00 | $0.00 | $0.00 | $27.90 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | $0.00 | $0.00 | $0.00 | $35.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Firearm Education and Training Fund | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Emergency Medical Services (Act 45 of 1985) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| ATJ | $2.00 | $0.00 | $0.00 | $0.00 | $2.00 |
| CAT/MCARE/General Fund | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Clerk of Courts - Misdemeanor (Delaware) | $185.00 | $0.00 | $0.00 | $0.00 | $185.00 |
| Prison (Delaware) | $1,440.00 | $0.00 | $0.00 | $0.00 | $1,440.00 |
| Drug & Alcohol Evaluation (Delaware) | $75.00 | $0.00 | $0.00 | $0.00 | $75.00 |
| Service Fee- Drug & Alcohol Evaluation (Delaware) | $100.00 | $0.00 | $0.00 | $0.00 | $100.00 |
| Bench Warrant (Delaware) | $75.00 | $0.00 | $0.00 | $0.00 | $75.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000009

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000777-2007**
## CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
Darren Lionel Wanamaker

Page 10 of 10

## CASE FINANCIAL INFORMATION

| Wanamaker, Darren Lionel Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| Bench Warrant (Delaware) | $75.00 | $0.00 | $0.00 | $0.00 | $75.00 |
| Community Service Penalty Hours (Delaware) | $200.00 | $0.00 | $0.00 | $0.00 | $200.00 |
| Sheriff Apprehension (Delaware) | $59.00 | $0.00 | $0.00 | $0.00 | $59.00 |
| Costs/Fees Totals: | $3,032.50 | $0.00 | $0.00 | $0.00 | $3,032.50 |
| **Fines** | | | | | |
| Title 75, DUI (Motor License Fund) | $500.00 | $0.00 | $0.00 | $0.00 | $500.00 |
| Title 75, DUI (Motor License Fund) | $500.00 | $0.00 | $0.00 | $0.00 | $500.00 |
| Fines Totals: | $1,000.00 | $0.00 | $0.00 | $0.00 | $1,000.00 |
| Grand Totals: | $4,032.50 | $0.00 | $0.00 | $0.00 | $4,032.50 |

\*\* - Indicates assessment is subrogated

Printed: 06/09/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000010

EXHIBIT B

```
 1              IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY
 2                               PENNSYLVANIA
 3
 4                            CRIMINAL DIVISION
 5
 6     * * * * * * * * * * * * * * *     No.  07-777
 7                                   *
 8     COMMONWEALTH OF PENNSYLVANIA   *
 9                                   *
10              VS.                  *
11                                   *
12     DARREN WANAMAKER              *
13                                   *
14     * * * * * * * * * * * * * * *
15
16
17
18                   Media, PA, November 14, 2008
19
20                               * * *
21
22                   Hearing Room D, 2nd Floor
23                               * * *
24                   TRANSCRIPT OF PROCEEDINGS
25
26     BEFORE:    THE HONORABLE GREGG PARKER, ESQ.
27
28              LOUIS STESIS, ESQUIRE
29              For the Commonwealth
30
31              STEPHEN DEAVOR, ESQUIRE
32              For the Defendant
33
```

Diaz Data Services, LLC
331 Schuylkill Street, Harrisburg, PA  17110 ~ 717-233-6664

WANAMAKER 000011

1                                    <u>INDEX</u>

2

3                                         DIRECT  CROSS  REDIRECT  RECROSS

4

5      ON  BEHALF  OF  THE  COMMONWEALTH:

6

7

8

9      ON  BEHALF  OF  THE  DEFENDANT:

10

11

12

13                                     <u>EXHIBITS</u>

14

15                                             MARKED       ADMITTED

16      ON  BEHALF  OF  THE  COMMONWEALTH:

17

18

19

20      ON  BEHALF  OF  THE  DEFENDANT:

21

22

23

24

WANAMAKER 000012

3

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | November 14, 2008 |
| 3 | |
| 4 | THE COURT: Commonwealth vs. Darren |
| 5 | Wannamaker, 777 of '07. Counsel. |
| 6 | MR. STESIS: Louis Stesis for the |
| 7 | Commonwealth. |
| 8 | MR. DEAVOR: Stephen Deavor from the Public |
| 9 | Defender's Office for Mr. Wanamaker. |
| 10 | THE COURT: Stipulation. Notice of Violation. |
| 11 | One violation. |
| 12 | MR. DEAVOR: Correct. |
| 13 | THE COURT: Safe driving? |
| 14 | MR. STESIS: Yes. Yes. |
| 15 | THE COURT: Okay. And Mr. Wanamaker, you're |
| 16 | waiving your right to be physically present at the |
| 17 | hearing today? |
| 18 | THE DEFENDANT: Yes, sir. |
| 19 | THE COURT: Okay. What is your |
| 20 | recommendation? |
| 21 | MR. PAGE: Good morning, Your Honor. James |
| 22 | Page, Adult Probation. I just have to make a |
| 23 | modification because the credit time isn't included. |
| 24 | THE COURT: Okay. |
| 25 | MR. PAGE: And that recommendation, I'm |

WANAMAKER 000013

4

1   filling in for Dawn Scott Clark, his parole is to be
2   revoked.  Defendant's to be resentenced to his full back
3   time of 113 days with immediate parole on Information A.
4   He's to complete a Safe Driving class within 60 days.
5   On Information B, the Defendant is to receive his full
6   back time of 592 days with immediate parole.  She says
7   [inaudible] there's no other outstanding conditions on
8   that information and the Bench Warrant is to be
9   rescinded.
10          THE COURT:  All right.  Counsel?
11          MR. STESIS:  No objection.
12          THE COURT:  Mr. Deavor?
13          MR. DEAVOR:  No objection to the
14   recommendation.  Speaking with Mr. Wanamaker, he
15   indicated that the reason he hadn't completed his Safe
16   Driving class was because he was having trouble locating
17   the place.  He said he called there a lot -- bunch of
18   times and couldn't get the directions he needed.  But he
19   seemed intent on getting that completed and wanted to
20   speak to Mr. Clark about where exactly this place should
21   be.
22          THE COURT:  Where are you residing?
23          THE DEFENDANT:  I'm in Philadelphia.
24          THE COURT:  Uh-huh.  Okay and you're having
25   trouble, what, getting to the...

WANAMAKER 000014

5

1          THE DEFENDANT:  Yeah, I couldn't find it.  I

2    talked to the people on the phone, and they told me that

3    it's -- I had to catch a bus and walk down this long...

4          THE COURT:  Yeah, it's a...

5          THE DEFENDANT:  Yeah.  And then the lady told

6    me that I could drive down there.  I said, wait a

7    minute.  You just took my license.  How can I drive?

8    And then she said catch a cab; catch this, catch that.

9    And I only had 200 bucks in my pocket, so [inaudible].

10          THE COURT:  Uh-huh.

11          THE DEFENDANT:  So I'll probably go...

12          THE COURT:  So you had the money.  You were

13    ready to go and...

14          THE DEFENDANT:  Yeah, I had the money.  If you

15    were to talk to them, there's a person that I talked to

16    on the phone.

17          THE COURT:  I believe you.  I don't

18    [inaudible].  It's -- you know, out of the way down

19    there at the training center.

20          MR. PAGE:  Yes, because the bus leaves you off

21    on Hook Road...

22          THE COURT:  Right.

23          MR. PAGE:  ...but then you have to [inaudible]

24    on Hook Road.

25          THE COURT:  Right.  Okay.

6

1            MR. PAGE:  Darren...

2            THE DEFENDANT:  Yes.

3            MR. PAGE:  ...Monday morning, before 10 a.m.

4            THE DEFENDANT:  Okay.

5            MR. PAGE:  This Monday, 69th Street.  I'm just

6    taking care of Dawn Scott Clark's caseload for the next

7    month and a half.

8            THE DEFENDANT:  All right.

9            MR. PAGE:  All right.

10           THE DEFENDANT:  So you'll have the information

11   how I can get up there for me?

12           MR. PAGE:  Yeah, yeah.

13           THE DEFENDANT:  Okay.

14           MR. PAGE:  I'll take care of it.  Just come to

15   my office Monday morning, 69th Street.  Same area, but

16   different office.

17           THE DEFENDANT:  Okay.

18           MR. PAGE:  All right?

19           THE DEFENDANT:  What's your name?

20           MR. PAGE:  James Page.

21           THE DEFENDANT: James Page?

22           MR. PAGE:  Yes.

23           THE DEFENDANT:  Okay.

24           MR. PAGE:  All right.  Thank you.

25           THE COURT:  You do have a right to appeal the

WANAMAKER 000016

1    recommendation.  You may file your written appeal within

2    five days.  If you were to appeal the matter, it will be

3    heard before a judge.  And if you cannot afford counsel

4    in connection with that appeal, one will be provided to

5    you free of charge.   Do you understand all that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  All right.

8              THE DEFENDANT:  Thank you.

9              THE COURT:  You're welcome.  You know what to

10   do, right?

11             THE DEFENDANT:  Yes, sir.

12

13

14   [End of Proceeding]

15

16

WANAMAKER 000017

EXHIBIT C

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Darren L Wanamaker

Page 1 of 12

## CASE INFORMATION

| | |
|---|---|
| <u>Judge Assigned:</u>  Coleman, Robert P. | <u>Date Filed:</u>  05/05/2010      <u>Initiation Date:</u>  05/05/2010 |
| <u>OTN:</u>  N 676089-1          <u>LOTN:</u> | <u>Originating Docket No:</u>  MC-51-CR-0016594-2010 |
| <u>Initial Issuing Authority:</u>  James M. DeLeon | <u>Final Issuing Authority:</u>  James M. DeLeon |
| <u>Arresting Agency:</u>  Philadelphia Pd | <u>Arresting Officer:</u>  Straus, Timothy D. |
| <u>Complaint/Citation No.:</u> | <u>Incident Number:</u>  1035030048 |
| <u>Case Local Number Type(s)</u> | <u>Case Local Number(s)</u> |
| District Control Number | 1035030048 |

## STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | Arrest Date: | 04/20/2010 |
|---|---|---|---|---|---|
| | | 07/15/2019 | Awaiting Violation of Probation Hearing | | |
| | | 04/10/2019 | VOP/Continued to Further Notice | | |
| | | 03/29/2019 | Awaiting Violation of Probation Hearing | | |
| | | 02/06/2018 | Completed | | |
| | | 12/05/2017 | Awaiting Violation of Probation Hearing | | |
| | | 11/17/2017 | Awaiting Violation of Probation Hearing | | |
| | | 06/08/2017 | Awaiting Violation of Probation Hearing | | |
| | | 12/03/2012 | Sentenced/Penalty Imposed | | |
| | | 12/03/2012 | Awaiting Sentencing | | |
| | | 07/27/2010 | Awaiting Trial | | |
| | | 06/15/2010 | Awaiting Pre-Trial Conference | | |
| | | 05/17/2010 | Awaiting Formal Arraignment | | |
| | | 05/05/2010 | Awaiting Filing of Information | | |

Complaint Date:    04/20/2010

CPCMS 9082

Printed:  06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000018

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
Darren L Wanamaker

Page 2 of 12

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 05/25/2010 | 11:00 am | 505 | Trial Commissioner Linda Mariani | Scheduled |
| Status Listing | 06/09/2010 | 9:00 am | 605 | Judge Lillian Ransom | Continued |
| Status Listing | 06/15/2010 | 9:00 am | 605 | Judge Lillian Ransom | Scheduled |
| Pre-Trial Conference | 07/07/2010 | 9:00 am | 1103 | Judge Karen Shreeves-Johns | Scheduled |
| Scheduling Conference | 07/21/2010 | 9:00 am | 1108 | Judge Denis P. Cohen | Continued |
| Scheduling Conference | 07/22/2010 | 9:00 am | 1108 | Judge Denis P. Cohen | Continued |
| Scheduling Conference | 07/26/2010 | 9:00 am | 1108 | Judge Denis P. Cohen | Continued |
| Scheduling Conference | 07/27/2010 | 9:00 am | 1108 | Judge Denis P. Cohen | Scheduled |
| Trial | 01/11/2011 | 9:00 am | 1001 | Judge William J. Mazzola | Continued |
| Trial | 01/11/2011 | 9:00 am | 1108 | Judge Denis P. Cohen | Moved |
| Trial | 01/11/2011 | 9:00 am | 1102 | Judge Denis P. Cohen | Moved |
| Trial | 08/08/2011 | 9:00 am | 1001 | Judge William J. Mazzola | Continued |
| Trial | 11/07/2011 | 9:00 am | 1001 | Judge William J. Mazzola | Scheduled |
| Status Listing | 11/15/2011 | 9:00 am | 1001 | Judge William J. Mazzola | Scheduled |
| Trial | 05/21/2012 | 9:00 am | 1001 | Judge William J. Mazzola | Continued |
| Trial | 10/09/2012 | 9:00 am | 1001 | Judge Robert P. Coleman | Continued |
| Trial | 10/09/2012 | 9:00 am | 1001 | Judge William J. Mazzola | Moved |
| Trial | 12/03/2012 | 9:00 am | 1001 | Judge Robert P. Coleman | Scheduled |
| Payment Plan Conference | 04/21/2016 | 3:00 pm | 1104 | | Scheduled |
| Redaction of Charges | 07/28/2016 | 9:00 am | 1104 | Trial Commissioner Christy McCall | Scheduled |
| Payment Plan Conference | 09/06/2016 | 3:00 pm | 1104 | | Scheduled |
| Violation of Probation | 06/15/2017 | 9:00 am | 1005 | Judge Robert P. Coleman | Scheduled |
| Gagnon I Hearing | 11/28/2017 | 9:00 am | 888 | Vincent G. Petri | Scheduled |
| Violation of Probation | 12/05/2017 | 9:00 am | 1005 | Judge Robert P. Coleman | Scheduled |
| Violation of Probation | 02/06/2018 | 9:00 am | 1005 | Judge Robert P. Coleman | Scheduled |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

WANAMAKER 000019

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Darren L Wanamaker

Page 3 of 12

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Payment Plan Conference | 06/27/2018 | 11:00 am | 378 | | Scheduled |
| Payment Plan Conference | 10/25/2018 | 2:00 pm | 378 | | Scheduled |
| Gagnon I Hearing | 04/05/2019 | 10:00 am | 1004 | Trial Commissioner Linda Mariani | Scheduled |
| Violation of Probation | 04/10/2019 | 9:00 am | 1005 | Judge Robert P. Coleman | Scheduled |
| Violation of Probation | 07/22/2019 | 9:00 am | 1005 | Judge Robert P. Coleman | Scheduled |

## DEFENDANT INFORMATION

| Date Of Birth: | 09/12/1965 | City/State/Zip: Philadelphia, PA 19143 |
|---|---|---|

**Alias Name**
Bush, Jason
Hollis, Xavier
Terrell, Antwyn
Terrell, Antwynne
WANAMAKER, DARREN
WANAMKER, DARREN
Wanamaker, Darren Lionel

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Wanamaker, Darren L. |
| Probation Officer | Miller, Kevin F. |
| Probation Officer | Hoey, Allison |
| Probation Officer | Payne, Marquita |
| Probation Officer | Dunn, John |

## BAIL INFORMATION

**Wanamaker, Darren L.**                                                    **Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 04/20/2010 | Monetary | 10.00% | $50,000.00 | | |
| Change Bail Type | 11/15/2011 | Nominal | | $1.00 | | |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 10 | F2 | 18 § 3503 §§ A1II | Crim Tres-Break Into Structure | 04/20/2010 | N 676089-1 |

CPCMS 9082

Printed: 06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000020

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
Darren L Wanamaker

Page 4 of 12

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 2 | 12 | M2 | **18 § 3304 §§ A4** | Criminal Mischief | 04/20/2010 | N 676089-1 |

## DISPOSITION SENTENCING/PENALTIES

| Disposition | | |
|---|---|---|
| Case Event | Disposition Date | Final Disposition |
| Sequence/Description | Offense Disposition | Grade    Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |

**Lower Court Proceeding (generic)**

| Preliminary Hearing | 05/04/2010 | Not Final | | |
|---|---|---|---|---|

**Proceed to Court**

| Information Filed | 05/17/2010 | Not Final | | |
|---|---|---|---|---|
| 1 / Crim Tres-Break Into Structure | Replacement by Information | | F2 | 18 § 3503 §§ A1II |

**Nolo Contendere**

| Trial | 12/03/2012 | Final Disposition | | |
|---|---|---|---|---|
| 1 / Crim Tres-Break Into Structure | Guilty | | F2 | 18 § 3503 §§ A1II |
| Coleman, Robert P. | 12/03/2012 | | | |
| Confinement | Min of 2.00 Years 6.00 Months | | | |
| | Max of 5.00 Years | | | |
| | 2 1/2 - 5 years | | | |

Credit to be calculated by the Phila. Prison System
Defendant is to pay imposed mandatory court costs.
To stay away from victim(s).

| Probation | Max of 5.00 Years | | | |
|---|---|---|---|---|
| | 5 years | | | |
| Coleman, Robert P. | 02/06/2018 | | | |
| Confinement | Min of 90.00 Days | | | |
| | Max of 180.00 Days | | | |
| | Other | | | |

Detainer Lifted
Credit to be calculated by the Phila. Prison System
Defendant paroled immediately.
PROBATION TO BE SUPERVISED BY THE FIR UNIT

| Probation | Max of 4.00 Years | | | |
|---|---|---|---|---|
| | 4 years | | | |

| 2 / Criminal Mischief | Guilty | | M2 | 18 § 3304 §§ A4 |
|---|---|---|---|---|
| Coleman, Robert P. | 12/03/2012 | | | |
| Probation | Max of 2.00 Years | | | |
| | 2 years | | | |

CPCMS 9082                                                                                              Printed: 06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000021

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
Darren L Wanamaker

Page 5 of 12

## DISPOSITION SENTENCING/PENALTIES

Disposition

Case Event
 Sequence/Description
  Sentencing Judge
   Sentence/Diversion Program Type
    Sentence Conditions

Disposition Date
 Offense Disposition
  Sentence Date
   Incarceration/Diversionary Period

Final Disposition
 Grade      Section
  Credit For Time Served
   Start Date

Coleman, Robert P.                                        02/06/2018
 Confinement                                                 Min of 90.00 Days
                                                             Max of 180.00 Days
                                                             Other

        Detainer Lifted
        Credit to be calculated by the Phila. Prison System
        Defendant paroled immediately.
        PROBATION TO BE SUPERVISED BY THE FIR UNIT

 Probation                                                   Max of 4.00 Years
                                                             4 years

**LINKED SENTENCES:**

 **Link 1**
  CP-51-CR-0005754-2010 - Seq. No. 2 (18§ 3304 §§ A4) - Probation is Concurrent with
  CP-51-CR-0005754-2010 - Seq. No. 1 (18§ 3503 §§ A1II) - Probation

 **Link 2**
  CP-51-CR-0005754-2010 - Seq. No. 2 (18§ 3304 §§ A4) - Confinement is Concurrent with
  CP-51-CR-0005754-2010 - Seq. No. 1 (18§ 3503 §§ A1II) - Confinement

 **Link 3**
  CP-51-CR-0005754-2010 - Seq. No. 1 (18§ 3503 §§ A1II) - Probation is Consecutive to
  CP-51-CR-0005754-2010 - Seq. No. 1 (18§ 3503 §§ A1II) - Confinement

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| Name:  Philadelphia County District Attorney's Office  Prosecutor | Name:  Defender Association of Philadelphia  Public Defender |
| Supreme Court No: | Supreme Court No: |
| Phone Number(s):   215-686-8000      (Phone) | Rep. Status:  Active  Phone Number(s): |
| Address:   3 South Penn Square  Philadelphia, PA  19107 | Address: |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|

CPCMS 9082                                                                        Printed:  06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000022

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Darren L Wanamaker

Page 6 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 05/05/2010 | | Court of Common Pleas - Philadelphia County |
| Held for Court | | | |
| 3 | 05/05/2010 | | Unknown Filer |
| Transferred from Municipal Court | | | |
| 1 | 05/17/2010 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 2 | 05/25/2010 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 3 | 05/25/2010 | | Court of Common Pleas - Philadelphia County |
| Informal Request for Pre-Trial Discovery and Inspection | | | |
| 2 | 06/09/2010 | | Ransom, Lillian |
| LISTED FOR STATUS OF DISCOVERY | | | |
| 4 | 06/15/2010 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 5 | 06/15/2010 | | Ransom, Lillian |
| LISTED FOR PRETRIAL CONFERENCE | | | |
| 1 | 07/21/2010 | | Cohen, Denis P. |
| Court Continuance | | | |
| 1 | 07/27/2010 | | Cohen, Denis P. |
| Defense Request | | | |
| 2 | 07/27/2010 | | Cohen, Denis P. |
| Order to Place Case on Trial List | | | |
| 5 | 07/27/2010 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |

CPCMS 9082

Printed: 06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

WANAMAKER 000023

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
Darren L Wanamaker

Page 7 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 6 | 07/27/2010 | | Cohen, Denis P. |
| Counsel Attached for Trial | | | |
| 4 | 08/05/2010 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 5 | 08/05/2010 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 3 | 12/07/2010 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 4 | 12/07/2010 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 3 | 01/11/2011 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 4 | 01/11/2011 | | Mazzola, William J. |
| Order to Place Case on Trial List | | | |
| 1 | 07/14/2011 | | Wanamaker, Darren L. |
| In Forma Pauperis Statement | | | |
| 3 | 08/08/2011 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 4 | 08/08/2011 | | Mazzola, William J. |
| Order Granting Motion for Continuance | | | |
| 2 | 11/07/2011 | | Mazzola, William J. |
| Order Granting Motion for Continuance | | | |

CPCMS 9082

Printed: 06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000024

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
## CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
Darren L Wanamaker

Page 8 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 11/15/2011 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 4 | 11/15/2011 | | Mazzola, William J. |
| Bail Type Changed - Wanamaker, Darren L | | | |
| 5 | 11/15/2011 | | Mazzola, William J. |
| Order Granting Motion to Set Nominal Bail | | | |
| 1 | 01/25/2012 | | Wanamaker, Darren L. |
| Motion to Dismiss Pursuant to Rule 600 | | | |
| 1 | 02/08/2012 | | Wanamaker, Darren L. |
| Motion to Set Nominal Bail | | | |
| 1 | 05/21/2012 | | Mazzola, William J. |
| Order Granting Motion for Continuance | | | |
| 4 | 05/21/2012 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 3 | 07/24/2012 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 1 | 10/09/2012 | | Coleman, Robert P. |
| Order Granting Motion for Continuance | | | |
| 4 | 10/09/2012 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 1 | 12/03/2012 | | Coleman, Robert P. |
| Nolo Contendere | | | |
| 2 | 12/03/2012 | | Coleman, Robert P. |
| Disposition Filed | | | |

Printed: 06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000025

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
Darren L Wanamaker

Page 9 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 12/03/2012 | | Coleman, Robert P. |
| Order - Sentence/Penalty Imposed | | | |
| 4 | 12/03/2012 | | Court of Common Pleas - Philadelphia County |
| Penalty Assessed | | | |
| 1 | 08/25/2013 | | Court of Common Pleas - Philadelphia County |
| Entry of Civil Judgment | | | |
| 1 | 09/01/2015 | | Court of Common Pleas - Philadelphia County |
| Inmate Document Request | | | |
| 1 | 09/29/2015 | | Wanamaker, Darren L. |
| Payment Plan/Financial Information Submitted | | | |
| 1 | 04/05/2016 | | Hollander, Michael Gilbert |
| Motion to Redact Charges | | | |
| 1 | 04/21/2016 | | Wanamaker, Darren L. |
| Payment Plan/Financial Information Submitted | | | |
| 1 | 07/28/2016 | | Tucker, Leon |
| Order Granting Motion to Redact Charges | | | |
| 1 | 06/15/2017 | | Coleman, Robert P. |
| Detainer Lifted | | | |
| 3 | 11/17/2017 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 4 | 11/17/2017 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 2 | 11/28/2017 | | Smith, Keith |
| Detainer Issued | | | |

CPCMS 9082

Printed: 06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000026

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
Darren L Wanamaker

Page 10 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 12/05/2017 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 4 | 12/05/2017 | | Coleman, Robert P. |
| VOP Continued To Date Certain | | | |
| 1 | 02/06/2018 | | Coleman, Robert P. |
| Violation Penalties Imposed | | | |
| 1 | 01/07/2019 | | Court of Common Pleas - Philadelphia County |
| The Court Determined Responsible Participant is Financially Able to Pay Fines/Costs/Restitution | | | |
| 2 | 01/07/2019 | | Court of Common Pleas - Philadelphia County |
| Referral of Account to Collection Agency | | | |
| 3 | 03/29/2019 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 1 | 04/01/2019 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 1 | 04/03/2019 | | Philadelphia County Adult Probation Unit |
| Gagnon 1 Summary Filed | | | |
| 1 | 04/05/2019 | | Mariani, Linda |
| Order Denying Motion to Remove Detainer | | | |
| 2 | 04/05/2019 | | Philadelphia County Adult Probation Unit |
| Gagnon 2 Summary Filed | | | |
| 1 | 04/10/2019 | | Coleman, Robert P. |
| VOP Continued Until Further Notice | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000027

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Darren L Wanamaker

Page 11 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 07/15/2019 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 1 | 07/17/2019 | | Philadelphia County Adult Probation Unit |
| Gagnon 2 Summary Filed | | | |
| 2 | 07/22/2019 | | Coleman, Robert P. |
| Probation/Parole Continued | | | |
| 1 | 05/17/2021 | | Court of Common Pleas - Philadelphia County |
| Return Case From Collection Agency - Court Request | | | |

## PAYMENT PLAN SUMMARY

| Payment Plan No | Payment Plan Freq. | Next Due Date | Active | Overdue Amt |
|---|---|---|---|---|
| Responsible Participant | | | Suspended | Next Due Amt |
| 51-2006-P100254025 | Monthly | 04/22/2016 | Yes | $1,550.00 |
| | | | No | $25.00 |

| Payment Plan History: | Receipt Date | | Payor Name | Participant Role | Amount |
|---|---|---|---|---|---|
| | 03/26/2007 | Payment | | | $10.00 |
| | 02/28/2013 | Payment | Department Of Corrections | Payor | $50.10 |
| | 03/27/2013 | Payment | Department Of Corrections | Payor | $5.00 |
| | 05/01/2013 | Payment | Department Of Corrections | Payor | $4.90 |

CPCMS 9082

Printed: 06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

WANAMAKER 000028

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0005754-2010**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Darren L Wanamaker

Page 12 of 12

## CASE FINANCIAL INFORMATION

Last Payment Date:  05/01/2013

Total of Last Payment:  -$4.90

**Wanamaker, Darren L.**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| State Court Costs (Act 204 of 1976) | $12.30 | $0.00 | $0.00 | $0.00 | $12.30 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $18.40 | $0.00 | $0.00 | $0.00 | $18.40 |
| County Court Cost (Act 204 of 1976) | $26.80 | $0.00 | $0.00 | $0.00 | $26.80 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | ($35.00) | $0.00 | $0.00 | $0.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | ($25.00) | $0.00 | $0.00 | $0.00 |
| Firearm Education and Training Fund | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | $0.00 | $0.00 | $0.00 | $250.00 |
| CQS Fee Felony (Philadelphia) | $100.00 | $0.00 | $0.00 | $0.00 | $100.00 |
| Costs of Prosecution - CJEA | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Booking Center Fee (Philadelphia) | $175.00 | $0.00 | $0.00 | $0.00 | $175.00 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| ATJ | $3.00 | $0.00 | $0.00 | $0.00 | $3.00 |
| CJES | $2.25 | $0.00 | $0.00 | $0.00 | $2.25 |
| JCPS | $10.25 | $0.00 | $0.00 | $0.00 | $10.25 |
| Civil Judgment/Lien (Philadelphia) | $83.94 | $0.00 | $0.00 | $0.00 | $83.94 |
| OSP (Philadelphia/State) (Act 35 of 1991) | $750.00 | $0.00 | $250.00 | $0.00 | $1,000.00 |
| OSP (Philadelphia/State) (Act 35 of 1991) | $750.00 | $0.00 | $250.00 | $0.00 | $1,000.00 |
| Costs/Fees Totals: | $2,314.94 | ($60.00) | $500.00 | $0.00 | $2,754.94 |
| Grand Totals: | $2,314.94 | ($60.00) | $500.00 | $0.00 | $2,754.94 |

** - Indicates assessment is subrogated

Printed:  06/10/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

WANAMAKER 000029

EXHIBIT D

DELAWARE COUNTY COURT OF COMMON PLEAS    Inmate ( 948389
CERTIFICATE OF IMPO        ION OF JUDGEMENT OF SENTENCE

NGP_____ Open GP_____ Jury Trial_____ Non Jury Trial_____ Nolo _____ Amended _____ Gagnon II __X__

COMMONWEALTH OF PENNSYLVANIA VS. **Darren Wanamaker**

D.O.B. 9|12|65   SEX M/F   RACE B   SID _____   BAC _____

Case Record No. 777-07    OTN No.: L-322933-2          AUG 21 2014

| Info | Charges | Grading | Info | Charges | Grading |
|---|---|---|---|---|---|
| B | Unauthorized Use of a Motor Vehicle | | | | |

**A. Info** TOTAL CONFINEMENT is imposed with regard to the following charges:

| Minimum | Maximum | DCP | SCI | FINE |
|---|---|---|---|---|
| B full Back time 592 Days Immediate Parole | | X | | |

**B. Info** PROBATION is imposed with regard to the following charges:

| Term of Probation | COUNTY | STATE | FINE |
|---|---|---|---|
| | | MAR 28 PM 1:0 | |

**C. Info** INTERMEDIATE PUNISHMENT is imposed to the following charges:

| Term of Probation | COUNTY | STATE | FINE |
|---|---|---|---|
| This case consecutive to Phila Case #5754-10 | | | |

**D.** Defendant is ordered to pay RESTITUTION to the following persons:

| Name | Address | Sum |
|---|---|---|
| Report to AP+P within 48hrs of release. | | |

Joint & Several with          (          )          (          )

**E.** List SPECIFIC CONDITIONS

- X Immediate Parole
- X Bench Warrant Rescinded
- ___ Complete CRN / Follow Rec. /Safe Driving
- ___ Perform _____ hours of Community Service
- ___ Paroled to D&A Inpatient program upon available bed date
- ___ Sentenced under Section 3804 A Title 75
- ___ Serve _____ 48 hour periods starting _____ at _____ pm/am
- ___ Placed on EMP for _____ days
- ___ No contact with victim
- ___ Participate In domestic violence or Anger management Group
- X Comply with rules and regulations governing Probation and/or Parole
- ___ General Rules ___ DUI ___ EMP ___ Sex Offenders ___ Multiple DUI Offender Program

- ___ Complete and follow recommendation of Diagnostic Services
  - ___ Drug & Alcohol Evaluation
  - ___ Psychological Evaluation
  - ___ Psychiatric Evaluation
  - ___ Psychosexual Evaluation
- ___ Ignition Interlock Ordered
- ___ Submit to DNA Testing
- $_____ Mandatory Cost Assessment per Substance Abuse Demand and Reduction Fund
- ___ Register under Megan's Law

Other Complete Safe Driving Classes, Intensive Out-Patient Treatment + 64 original + 32 penalty hrs of Community Service. Deft to receive credit for any conditions already Completed

**F.** The defendant shall receive such credit for time served as he is entitled by the laws of the Commonwealth of Pennsylvania. The sentences, confinement, and/or probation imposed shall be consecutive or concurrent as follows:
The aggregate term of confinement is a period of not less than _____
not more than _____
The aggregate term of probation is _____
Costs of prosecution are imposed on the ( X ) defendant          ( ) Delaware County
( ) NOLLE PROSSE REMAINING CHARGES          ( X ) APPEAL RIGHTS GIVEN
( ) DISMISS REMAINING CHARGES PURSUANT TO PLEA AGREEMENT

Date: 3/28/13

Name ADA: J. Glackin          Name Def. Atty. D. Leonard

Sentencing Judge Pagano

NOTE CAREFULLY:  If Section 17" or "Section 18" appears, this is 35 P.S. § 780-117 or -118 without adjudication of guilt.

WANAMAKER 000030



# COMMONWEALTH OF PENNSYLVANIA
## DC16E - SENTENCE STATUS SUMMARY     DEPARTMENT OF CORRECTIONS

Name: Darren L Wanamaker          Inmate #: KU8389          Certified Version 2  Dated 6/25/2013 9:08:08 /

## 1.   REFERENCES AND IDENTIFICATION

| DOC # | Commitment Name | PBPP # | SID # | FBI # | Phila Photo # |
|---|---|---|---|---|---|
| KU8389 | DARREN L WANAMAKER | 8530V | 18645271 | 121667KA9 | 697013 |

| DOB | Place of Birth | Race | Sex |
|---|---|---|---|
| 9/12/1965 | PHILA       PA USA | B | M |

## 2.   SENTENCE SUMMARY

| Sent Date | County/State/Federal | Indictments | Sent Type | Minimum | | | Maximum | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Y | M | D | Y | M | D |
| 12/03/2012 | Philadelphia | CP0005754 CT3/2010 | | 2 | 6 | | 5 | | |
| Plea: | Nolo Contendre | OTN: N6760891 | Judge: COLEMAN, ROBERT P. | | | | | | |
| Offense: | CC3503A - CRIMINAL TRESPASS | | | | | | | | |
| 3/28/2013 | Delaware | CP777 B/2007 | CS | | 3 | | 1 | 11 | |
| Plea: | Plead Guilty | OTN: L3229332 | Judge: PAGANO, GEORGE A. | | | | | | |
| Offense: | CC3928 - UNAUTHORIZED USE MOTOR VEHICLE | | | | | | | | |

| Reception Date | 12/10/2012 | Reentered from DOC # | |
|---|---|---|---|
| Controlling Minimum Date | 10/02/2012 | New Maximum - PV | |
| Controlling Maximum Date | 12/02/2016 | True Minimum Expiry Date | |
| RRI Minimum Expiry Date | | | |

### Summary or Remarks on Sentence

| Remarks | VERSION 2 CREATED TO ADD CP777/2007 WHICH IS A PVCO, ORIGINAL DATE OF SENTENCE IS 9/4/2007, BACKTIME OWED IS 592 DAYS. Actual Offense Code at CP5754-2010 Ct3 is 3503a1ii Crim Tres-Break Into Structure. |
|---|---|

## 3.   SENTENCE STRUCTURE

### Commitment Credit

Computation 2     CP777 B/2007, CP0005754 CT3/2010 : 04/20/2010 to 12/03/2012, 108 Days

| Remarks | CREDIT APPLIED TO PVCO CP777/2007 IS 108 DAYS. |
|---|---|

### Bail/Escape/Interruption Time Data

None

WANAMAKER 000031

### 3.   SENTENCE STRUCTURE (Cont'd)

| Item | Computation 2 | | | |
|---|---|---|---|---|
| dictments cluded | CP777 B/2007 CP0005754 CT3/2010 | | | |
| f Date | 01/02/2010 | | | |
| xpiration of inimum | 10/02/2012 | | | |
| xpiration of aximum | 12/02/2016 | | | |
| ustody r Return PV | | | | |
| elinquent me | | | | |
| acktime redit | | | | |
| acktime wed | | | | |
| ew aximum PV | | | | |
| entence omputation ate | 06/24/2013 | | | |
| asis for omputation | Initial Aggregation | | | |
| otal entence | 2Y9M - 6Y11M | | | |
| atus | Active | | | |

## 4.   NON-INCARCERATED OFFENSES

| Sent Date | County/State/Federal | Indictments |
|---|---|---|
| 2/03/2012 | Philadelphia | CP0005754 CT3/2010 |
| Description: | Ct3-Crim Tres-Break Into Structure-5 Years CS Probation-Guilty, Ct6-Criminal Mischief-2 Years CC Probation-Guilty | |
| omments | | |

## 5.   DETAINERS

ctive Detainers

| etainer# | Date | Agency | Agency Identification | OTN | Type |
|---|---|---|---|---|---|
| harges | None | | | | |

eleted Detainers (For those deleted since last DC16)

| etainer# | Date Deleted | Agency | Agency Identification | OTN | Type |
|---|---|---|---|---|---|
| one | | | | | |
| emarks | None | | | | |

## 6.   PRIOR DOC NUMBERS

| U5096 | BB4930 | | | | | | | |
|---|---|---|---|---|---|---|---|---|

## 7.   ACTIONS: BOARD OF PARDONS

| ecision ate | File Number | Action | Comments |
|---|---|---|---|
| one | | | |

st Modified By: Myers, Melissa L.

gned Off By: Williams, Nora M

ertified By: Williams, Nora M                           Institution:  Central Office

WANAMAKER 000033

Case 3:17-cv-00133-KAP     Document 34     Filed 08/30/21     Page 60 of 91

EXHIBIT F

Case 3:15-cv-00283-KRG-KAP     Document 8-1     Filed 12/11/15     Page 2 of 28
Case 3:15-cv-00015-KRG-CRE     Document 27-2     Filed 09/16/15     Page 3 of 29

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>JUL 8 REC'D<br><br>OFFICE | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>RECORDS SUPERVISOR | 2. Date:<br>7-4-14 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>DARREN WANAMAKER KJ8987<br><br>_____ Inmate Signature | 4. Counselor's Name<br>STREC |
| | 5. Unit Manager's Name<br>BOWERS |
| 6. Work Assignment<br>FS AM | 7. Housing Assignment<br>DIB 5 |

8. Subject: State your request completely but briefly. Give details.

THERE SEEMS TO BE AN ERROR IN MY STATUS I HAVE A STATE SENTENCE OF 2½-10 5YRS AND A CONSECUTIVE COUNTY SENTENCE OF 3 to 23 MONTHS IM SUPPOSE TO REPORT TO MY DELAWARE COUNTY PROBATION OFFICER WHEN IM RELEASED AS ORDERED BY JUDGE PALONO MY MAY NEEDS TO @ REFLECT THIS AND IT DOESN'T PLEASE FIX MY STATUS TO READ MAX 4-20-15 FOLLOWED BY A 3 to 23 MONTH COUNTY SENTENCE

THANK YOU

9. Response: (This Section for Staff Response Only)

Mr. Wanamaker,

Your county sentence @ #777-07 was ordered Consecutive to Phila. Case # 5754-10 which is your current 2y6m-5y sentence. Your current sentence status summary is correct.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  Terry Douglas  Print  Terry Douglas  Sign  Date  7-9-14

Revised July 2000

WANAMAKER 000034

Case 3:17-cv-00133-KAP    Document 34    Filed 08/30/21    Page 61 of 91    EXHIBIT G

Case 3:15-cv-00283-KRG-KAP    Document 8-1    Filed 12/11/15    Page 4 of 28
Case 3:15-cv-00015-KRG-CRE    Document 27-2    Filed 09/16/15    Page 5 of 29

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |
| JUL 1 4 REC'D | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>TERRY DOUGLAS RECORDS | 2. Date:<br>7-10-14 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>DARREN WANAMAKER KU8389<br><br>_____<br>Inmate Signature | 4. Counselor's Name<br>SITER |
| | 5. Unit Manager's Name<br>BOWERE |
| 6. Work Assignment<br>F.S AM | 7. Housing Assignment<br>D1B |

8. Subject: State your request completely but briefly. Give details.

MS DOUGLAS MY COUNTY SENTENCE IS JUST WAAT IT IS A COUNTY
SENTENCE IT CANNOT BE LINKED TO A STATE SENTENCE THERES
AN ERROR IM SUPPOSED TO BE RELEASED TO A 3 TO 23 MONTH
SENTENCE IN DELAWARE COUNTY MY CHARGE DOESNT CARRY
STATE TIME HOW THEN ARE YOU CHANNELING IT THROUGH
THE STATE THATS NOT THE ORDER PLEASE FIX MY
STATUS IT IS IN FACT INCORRECT
                                    THANK YOU

9. Response: (This Section for Staff Response Only)

M. Wanamaker,

    Your sentences are aggregated correctly.
Your Delaware County Sentence @ CP777-2007
specifically orders your sentence to be
"consecutive to Phila case #5754-10."
This issue will not be addressed again.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  Terry Douglas / Amy Douglas  Date  7-17-14
                   Print        Sign

Revised July 2000

WANAMAKER 000035

Case 3:17-cv-00133-KAP    Document 34    Filed 08/30/21    Page 62 of 91

EXHIBIT H

Case 3:15-cv-00283-KRG-KAP    Document 8-1    Filed 12/11/15    Page 6 of 28
Case 3:15-cv-00015-KRG-CRE    Document 27-2    Filed 09/16/15    Page 7 of 29

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>JUL 2 8 REC'D<br><br>FS    OFFICE | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>MS JERRY DOUGLAS | 2. Date:<br>7-18-14 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>DARREN WANAMAKER KU 8385<br>*[signature]*<br>Inmate Signature | 4. Counselor's Name<br>STDEC |
| | 5. Unit Manager's Name<br>BOWERS |
| 6. Work Assignment<br>FS AM | 7. Housing Assignment<br>DJB 3 |

8. Subject: State your request completely but briefly. Give details.

MY SENTENCE WAS ORDERED CONSECUTIVE NOT AGGREGATED
WHO OR WHAT DEEMS IT SO. ITS A COUNTY SENTENCE PLEASE
UNDERSTAND THAT LEFT ALONE IT DOESNT HAVE ANY AUTHORITY
EMPTIED BY THE STATE IN TERMS OF CONFINEMENT OR SUPERVISON
I'LL BE FORCED TO HAVE MY SENTENCE FIXED BY LEGAL
MEANS
                                    THANK YOU

9. Response: (This Section for Staff Response Only)

Under the provisions of House Bill 4 of November 2008 your
sentences are aggregated correctly. This issue will not be addressed
again. If you continue to believe this is incorrect you need to
consult your attorney and seek resolution from the courts.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  L Bloom  / *[signature]* L Bloom    Date  7-22-14
                    Print                    Sign

Revised July 2000

WANAMAKER 000036

Case 3:17-cv-00133-KAP    Document 34    Filed 08/30/21    Page 63 of 91

EXHIBIT I

Case 3:15-cv-00283-KRG-KAP    Document 8-1    Filed 12/11/15    Page 8 of 28
Case 3:15-cv-00015-KRG-CRE    Document 27-2    Filed 09/16/15    Page 9 of 29

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER**<br><br>JUL 2 9 REC'D | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>MS. L BLOOM | 2. Date:<br>7-25-14 |
| 3. By: (Print Inmate Name and Number)<br>DARREN WANAMAKER KU8389<br><br>_____<br>Inmate Signature | 4. Counselor's Name<br>STILL |
| | 5. Unit Manager's Name<br>BOWERS |
| 6. Work Assignment | 7. Housing Assignment<br>DIB 3 |

8. Subject: State your request completely but briefly. Give details.

MS BLOOM DELAWARE COUNTY SENT 3 DOCUMENTS PERTAINING TO SENTENCING FOR CASE #777-07 HERE'S WHERE THE MISTAKE LIE I WAS ARRESTED IN 2006 NOW I TOOK AN OPEN PLEA AND RECIEVED A 3 to 23 MONTH SENTENCE 9-4-08 BY JUDGE OSBORNE OK NOW I'm OUT BUT I DON'T REPORT I GET PICKED UP I HAVE A HEARING I GET IMMEDIATE PAROLE ON 592 DAYS BACKTIME THATS IN 08 BY ANOTHER JUDGE I GET ARRESTED 4-20-13 JUST MONTHS BEFORE COMPLETING MY BACKTIME PROBATION I GET SENTENCED TO 2½ TO 5 yRS IN PHILLY DELAWARE COUNTY VIDEO CONFERENCED ME IN MARCH OF 2013 AND JUDGE SAGAND REINSTATES MY BACKTIME AND IMMEDIATELY PAROLES ME CONSECUTIVE TO MY PHILLY CASE WHICH WILL MAX OUT 4-20-15 CENTRAL OFFICE HAS IN FACT ADDED 20 MONTHS TO MY STATE SENTENCE AND GIVEN ME A CONSECUTIVE COUNTY SENTENCE IF YOU HAVE THE 2013 JUDGEMENT OF SENTENCE IT SAYS TO REPORT TO PROBATION UPON RELEASE WHICH SHOULD HAVE BEEN THE ONLY ORDER PERTINENT TO MY PRESENT STATUS THATS WHAT I WANT YOU TO SEE AND FIX MS BLOOM THATS ALL THERE'S NO 3 to 23 MONTHS THANK YOU

9. Response: (This Section for Staff Response Only)

Because Judge Pagano ordered the 592 days of backtime on his sentence imposed 9-3B-13 to be served consecutively to your 2½ to 5 year sentence @ CP5754 — he loses the authority to grant you immediate parole and your sentence is aggregated presently. RSCU entered the original term 4 3 months to 23 months. Awarded credit on 108 days and added the 592 days of backtime owed to this sentence to the maximum; thus ...

$$4 \cdot 20 \cdot 15 \quad max \text{ of } CP5754$$
$$+ \quad 592 \text{ days backtime owed in } CP777 \text{ per order } 9\text{-}3B\text{-}13 \text{ sentence imposed}$$
$$= \quad 12 \cdot 2 \cdot 16 \quad Controlling \text{ maximum date}$$

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ L. Bloom _____ / _____ L. Bloom _____ Date 7-29-14
                              Print                        Sign

Revised July 2000

WANAMAKER 000037

Case 3:17-cv-00133-KAP     Document 34     Filed 08/30/21     Page 64 of 91     EXHIBIT J

Case 3:15-cv-00283-KRG-KAP   Document 8-1   Filed 12/11/15   Page 10 of 28
Case 3:15-cv-00015-KRG-CRE   Document 27-2   Filed 09/16/15   Page 11 of 29

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** JUL 3 0 REC'D | Department of Corrections **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) MS L BLOOM  RECORD SUP | 2. Date: 7-28-14 |
|---|---|
| 3. By: (Print Inmate Name and Number) DARREN WANAMAKER  KU8389 ___Inmate Signature___ | 4. Counselor's Name STREL |
| | 5. Unit Manager's Name BOWERS |
| 6. Work Assignment | 7. Housing Assignment DIB 3 |

8. Subject: State your request completely but briefly. Give details.

MS BLOOM DELAWARE COUNTY SENT 3 ORDERS OF JUDGEMENT TO YOUR DEPT THE ORDER ATTACHED IS THE LAST ORDER AS YOU CAN SEE JUDGE PAGANO DIDN'T SENTENCE ME TO 34 TO 23 MONTHS AS PRINTED ON MY STATUS SHEET HE SENTENCED ME TO 592 DAYS BACKTIME WITH IMMEDIATE PAROLE AND TO REPORT TO MY PROBATION OFFICER MR HILL AFTER AS YOU CAN SEE THERE HAS BEEN A GLARING MISINTERPRETATION OF MY SENTENCE PHILA COUNTY HAS 2½ TO 5 YRS STARTING FROM APRIL 20 2010 APRIL 20th 2015 I WILL HAVE MAXED OUT MY STATE SENTENCE THERE WAS NOTHING TO AGGREGATE BUT AS YOU CAN SEE THERE'S 20 EXTRA MONTHS PLACED ERRONEOUSLY ON MY MAX I EXPLAINED TO YOU IN ANOTHER REQUEST WHY SO MANY DOCUMENTS WERE SENT HERE'S A COPY OF THE LAST AND STANDING ORDER PLEASE FEEL FREE TO SEE AND CORRECT MY STATUS

THANK YOU
RESPECTFULLY

9. Response: (This Section for Staff Response Only)

As I explained in my previous response to your request, because Judge Pagano ordered the 592 days of backtime to run consecutive to your 2½ to 5 year sentence he loses the authority to grant you immediate parole from it, and the total sentence as aggregated now falls under the jurisdiction of the PBPP and they will determine your parole eligibility. The 592 days backtime is correctly aggregated to your state sentence based on the order of 3-28-13 that you have attached to this request

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name ___L. Bloom___   ___L. Bloom___   Date 7-29-14
Print                        Sign

Revised July 2000

WANAMAKER 000038

Case 3:17-cv-00133-KAP   Document 34   Filed 08/30/21   Page 65 of 91

Case 3:15-cv-00283-KRG-KAP   Document 8-1   Filed 12/11/15   Page 11 of 28
Case 3:15-cv-00015-KRG-CRE   Document 37-2   Filed 09/16/15   Page 12 of 29

DELAWARE COUNTY COURT OF COMMON PLEAS   Inmate # KW 89
CERTIFICATE OF IMPOSITION OF JUDGEMENT OF SENTENCE

3

___ Open GP   ___ Jury Trial   ___ Non Jury Trial   ___ Nolo   ___ Amended   ___ Gagnon II   X

COMMONWEALTH OF PENNSYLVANIA VS.   Darren Wannmaker

D.O.B. 9/12/65   SEX M/F   RACE B   SID ___   BAC ___

Case Record No. 777-07   OTN No. L-322933-2

| Info | Charges | Grading | Info | Charges | Grading |
|---|---|---|---|---|---|
| 3 | Unauthorized Use of a Motor Vehicle | | | | |

TOTAL CONFINEMENT is imposed with regard to the following charges:

| | Minimum | Maximum | DCP | SCI | FINE |
|---|---|---|---|---|---|
| 3 | full Back time 592 Days Immediate Parole | | X | | |

PROBATION is imposed with regard to the following charges:

| | Term of Probation | COUNTY | STATE | FINE |
|---|---|---|---|---|
| Info | | | | |

INTERMEDIATE PUNISHMENT is imposed to the following charges:

| | Term of Probation | COUNTY | STATE | FINE |
|---|---|---|---|---|
| Info | This case consecutive to Phila Case # 5754-10 | | | |

D.   Defendant is ordered to pay RESTITUTION to the following persons:

| Name | Address | Sum |
|---|---|---|
| Report to AP+P within 48 hrs of release. | | |

Joint & Several with ___

E.   List SPECIFIC CONDITIONS
X Immediate Parole                                    ___ Complete and follow recommendation of Diagnostic Services
X Bench Warrant Rescinded                             ___ Drug & Alcohol Evaluation
___ Complete CRN / Follow Rec. / Safe Driving         ___ Psychological Evaluation
___ Perform ___ hours of Community Service            ___ Psychiatric Evaluation
___ Paroled to D&A Inpatient program upon available bed date    ___ Psychosexual Evaluation
___ Sentenced under Section 3804 A Title 75
___ Serve ___ 43 hour periods starting ___ at ___ pm/am   ___ Ignition Interlock Ordered
___ Placed on EMP for ___ days                        ___ Submit to DNA Testing
___ No contact with victim                            ___ Mandatory Cost Assessment per Substance
___ Participate in domestic violence or Anger management Group      Abuse Demand and Reduction Fund
X Comply with rules and regulations governing Probation and/or Parole    ___ Register under Megan's Law
___ General Rules ___ DUI ___ EMP ___ Sex Offenders ___ Multiple DUI Offender Program

Other Complete Safe Driving Classes, Intensive Out-Patient Treatment + 164 original + 32 penalty hrs of Community Service Deft to receive credit for any conditions already Completed

F.   The defendant shall receive such credit for time served as he is entitled by the laws of the Commonwealth of Pennsylvania.
The sentences, confinement, and/or probation imposed shall be consecutive or concurrent as follows:
The aggregate term of confinement is a period of not less than ___
not more than ___
The aggregate term of probation is ___
Costs of prosecution are imposed on the ( X ) defendant   (   ) Delaware County
(   ) NOLLE PROSSE REMAINING CHARGES   ( X ) APPEAL RIGHTS GIVEN
(   ) DISMISS REMAINING CHARGES PURSUANT TO PLEA AGREEMENT

Date: 3/28/13                                         Sentencing Judge Pagano

Name AD+e: J Glackin                  Name Def. Atty. D. Leonard

EXHIBIT K

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |
| AUG 4 REC'D | **INSTRUCTIONS** |
| | Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) | 2. Date: |
|---|---|
| MS L. BLOOM | 7-31-14 |

| 3. By: (Print Inmate Name and Number) | 4. Counselor's Name |
|---|---|
| DRNEY WANAMAKER KV8389 | STREC |
| Inmate Signature | 5. Unit Manager's Name |
| | BOWERS |

| 6. Work Assignment | 7. Housing Assignment |
|---|---|
| | DCB 3 |

8. Subject: State your request completely but briefly. Give details.

MS BLOOM THIS SENTENCE NEVER WAS A STATE SENTENCE
THE 592 DAYS BACKTIME WOULD HAVE BEEN SERVED IN DCP THIS IS
WHERE THE IMMEDIATE PAROLE COMES INTO PLAY NOTICE ON THE ORDER
THE BOX MARKED DCP IS NOT AN SCI SANCTION 592 DAYS
COULD NEVER BE A SCI SENTENCE THERE SHOULD NOT HAVE BEEN
AGGREGATION NONE WAS NEEDED THIS IS A COUNTY SENTENCE
I SHOULD MAX OUT 4-20-16 AND IN 48 HRS SEE MY DEL COUNTY
PROBATION OFFICER TO START MY BACKTIME PBPP DOES NOT
HAVE JURISDICTION OF THIS SENTENCE THEY NEVER DID
PLEASE FEEL FREE TO CORRECT MY STATUS SHEET
THE CONFINEMENT OF 592 DAYS WOULD HAVE BEEN IN DEL
COUNTY PRISON HERES WHERE THE JUDGE HAS THE AUTHORITY
TO GRANT PAROLE IMMEDIATELY TO SOMEHOW WRANGLE AWAY
HIS AUTHORITY IS INCORRECT MS BLOOM AND ILLEGAL MY SENTENCE
HAS NOT BEEN ORDERED TO SIT AS YOU CAN SEE NOR AGGREGATION

9. Response: (This Section for Staff Response Only)

This issue has been addressed if you continue to feel
this is in error, you need to contact your attorney and
seek resolution through the courts

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  L. Bloom  /  L. Bloom  Date 8.4.14
                      Print              Sign

Revised July 2000

WANAMAKER 000040

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

RECEIVED

MAY 7   REC'D

RECORDS OFFICE

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
MAZURKEIWICZ  DEP SUP

2. Date: 5-5-15

3. By: (Print Inmate Name and Number)
DARREN WANAMAKER  KN8389

Inmate Signature

4. Counselor's Name
STRECYZWELD

5. Unit Manager's Name
BOWERS

6. Work Assignment
NONE

7. Housing Assignment
D1B

8. Subject: State your request completely but briefly. Give details.

MY SENTENCE HAS BEEN IMPROPERLY COMPUTED IM BEING HELD PAST MY MAX AS OF 4-20-15 I THINK THAT IF YOU UNDERSTAND WHAT HAPPENED THEN THE PROPER PEOPLE WOULD INVESTIGATE I SUBMIT THESE FACTS MY STATE SENTENCE IS 2½+0 5yRS IT STARTED ON 4-20-10 IT ENDS 4-20-15 THE PROBLEM COMES FROM A DEL. COUNTY BACKTIME SENTENCE OF 592 DAYS OF BACKTIME BUT DEL COUNTY SENT AN HISTORY OF SENTENCING ORDER 3 IN TOTAL IT WAS RECORDED THAT I WAS SENTENCED TO 3 to 23 MTHS THATS WRONG BECAUSE THAT ORDER WAS EXECUTED NOTE IT WAS DATED 9-4-07 THIS ORDER SHOULD NOT HAVE BEEN CONSIDERED AT ALL IN THE CALCULATION OF MY SENTENCE BUT IT WAS AND IT WAS RECORDED THEN MY LAST BACK JUDGE ORDERED ITS ALSO WRONG THE 592 DAYS WERE TO RUN CONSECUTIVE TO MY NEW THE JUDGE THOUGHT THAT I WOULD BE PAROLED BY THE D.O.C THATS WHY ITS IMMEDIATE PAROLE THATS WHY IT SAYS TO REPORT TO MY PROBATION OFFICER 48HRS UPON MY RELEASE THESE DAYS CANNOT BE ASSUMED BY THE STATE THESE DAYS ARE COUNTY DAYS THAT WOULD BEEN SPENT IN D.CP DEL-COUNTY PRISON I SATISFIED THE STATE 4-20-15

9. Response: (This Section for Staff Response Only)

SOMEHOW THERE HAS BEEN 20 MTHS ADDED TO MY SENTENCE I ASK THAT YOU HELP ME AS I WAS REFERRED TO YOU
                                        THANK YOU

This issue has been addressed countless times in the last while. You are aware that the approximate 20 months added to your 4·20·15 state sentence (maximum) date is a result of the 592 days backtime county sentence that was ordered to run consecutive. As was previously explained the judge who sentenced you to the backtime loses his authority to grant you immediate parole because he ordered it to run consecutive to your state sentence. Your sentence structure was reviewed & calculated by

To DC-14 CAR only  □ Central Office     To DC-14 CAR and DC-15 IRS  □

Staff Member Name  L Bloom        (Sign) Date 5·7·15

If you contend this is in error you need to consult your attorney. He cannot continue to address this issue over and over again as the DOC has acted accordingly based on the Court Orders we have on record.

Revised July 2000

WANAMAKER 000041

Case 3:17-cv-00133-KAP    Document 34    Filed 08/30/21    Page 69 of 91    EXHIBIT M

Case 3:15-cv-00283-KRG-KAP    Document 8-1    Filed 12/11/15    Page 15 of 28
Case 3:15-cv-00015-KRG-CRE    Document 27-2    Filed 09/16/15    Page 16 of 29

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br><br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>RECORDS OFFICER | 2. Date:<br>12-1-15 |
|---|---|

| 3. By: (Print Inmate Name and Number)<br>DARREN WANAMAKER KJ8389<br><br>_____<br>Inmate Signature | 4. Counselor's Name<br>STRELYZWELD |
|---|---|
| | 5. Unit Manager's Name<br>BOWERS |
| 6. Work Assignment | 7. Housing Assignment<br>D/8 3 |

8. Subject: State your request completely but briefly. Give details.

CAN YOU EXPLAIN TO ME WHY IT READS ON MY STATUS SHEET THAT JUDGE GEORGE PAGANO SENTENCED ME TO 3 to 23 MTHS WHEN IN FACT JUDGE PAGANO SENTENCED ME TO 592 BACKTIME WITH IMMEDIATE PAROLE AS STATED ON SENTENCING ORDER DATED 3-28-15 SIGNED BY HIM.

                                    THANK YOU

9. Response: (This Section for Staff Response Only)

Mr. Wanamaker,

Your sentence @ CP 7778/2007 is a PVCO sentence. The original sentence is listed in section # 2 the Sentence Summary. Then the entry in the Summary Section indicates the original sentence date and the Backtime that is owed. This is how a PVCO is calculated. Because the Judge ordered this sentence to be consecutive to case # 5754-2010, he cannot parole you from this sentence.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _Terry Douglas_    1. _Terry Douglas_    Date 12-3-14
                        Print                        Sign

Revised July 2000

WANAMAKER 000042

Case 3:17-cv-00133-KAP    Document 34    Filed 08/30/21    Page 69 of 91    EXHIBIT N

Case 3:15-cv-00283-KRG-KAP    Document 8-1    Filed 12/11/15    Page 17 of 28
Case 3:15-cv-00015-KRG-CRE    Document 27-2    Filed 09/16/15    Page 18 of 29

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| RECEIVED<br>DEC 8 REC'D<br>RECORDS OFFICE | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>RECORDS | 2. Date:<br>12-4-14 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>DARREN WANAMAKER KU8389<br>_____<br>Inmate Signature | 4. Counselor's Name<br>STREL |
| | 5. Unit Manager's Name<br>BOWERS |
| 6. Work Assignment | 7. Housing Assignment |

8. Subject: State your request completely but briefly. Give details.

PLEASE REALIZE THAT I DID NOT RECIEVE A SENTENCE OF 3 to 23 MTHS
ON 3-28-13 NOR DID JUDGE PAGAND ORDER 3 to 23 MTHS IN
FACT HE ORDERED THAT I SERVED 592 DAYS BACKTIME WHY ARE YOU
DODGING THE LAST SENTENCING ORDER NOT EVEN FOLLOWING IT
IT SIMPLY SAYS THAT AFTER I'M RELEASED IN TO REPORT TO
MY DEL COUNTY PROB OFFICER THE 592 DAYS ARE CONSECUTIVE
AND THEN YOU CONSTRUCT A CREDIT COMPUTATION THAT GIVES ME
108 DAYS OF A SENTENCE BEFORE I WAS EVEN SENTENCED. YES
MY ORIGINAL WAS 3 to 23 MTHS PART OF IT WAS SERVED ALREADY IN 2006
NOW THE 108 DAYS YOU CLAIM TO GIVE ME CREDIT FOR FITS YOUR
SCHEME BUT IT IS TOTALLY INCORRECT HOW CAN YOU GIVE ME CREDIT
FOR A CONSECUTIVE SENTENCE BEFORE MY SENTENCE IS SERVED.
THERE ARE GLARING OVERSIGHTS HERE WHY DOESNOT MY MAX READ
4-20-15 PLEASE REINVESTIGATE WHATS BEEN DONE THEIRS ACTUALLY
ANOTHER ORDER THAT ORDERS ME TO SERVE 592 DAYS AFTER THE ORIGINAL SENT

9. Response: (This Section for Staff Response Only)

*This issue has been addressed.*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name *Terry Douglas* / *Terry Douglas*    Date 12-8-14
                        Print            Sign

Revised July 2000

WANAMAKER 000043

Case 3:17-cv-00133-KAP     Document 34     Filed 08/30/21     Page 70 of 91

EXHIBIT O

Case 3:15-cv-00283-KRG-KAP   Document 8-1   Filed 12/11/15   Page 18 of 28
Case 3:15-cv-00015-KRG-CRE   Document 27-2   Filed 09/16/15   Page 19 of 29

| Form DC-135A<br>INMATE'S REQUEST TO STAFF MEMBER<br><br>DEC 8 REC'D<br><br>RECORDS OFFICE | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>RECORDS | 2. Date:<br>12-4-14 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>DARREN WANAMAKER KU8389<br><br>Inmate Signature | 4. Counselor's Name<br>STREL |
| | 5. Unit Manager's Name<br>BOWERS |
| 6. Work Assignment | 7. Housing Assignment<br>D 1B 3 |

8. Subject: State your request completely but briefly. Give details.

CAN YOU EXPLAIN WHY IT APPEARS THAT YOU'VE CREATED A VERSION OF MY
STATUS SHEET THAT LOOKS AS THOUGH I WAS RESENTENCED TO MY
ORIGINAL SENTENCE WHEN IN FACT I WAS SENTENCED TO A BACKLINE
OF 592 DAYS THE SENTENCING ORDER BEARING JUDGE PAGANOS NAME
I ORDERS THIS HIS NAME IS NOT AND SHOULD NOT APPEAR TO BE
A SENTENCING JUDGE WHO SENTENCED ME TO 3 1/2 to 23 MNTHS
CREDIT COMMITMENT IS MADE TO COMPLY WITH SENTENCE AND BACKTIME
BUT THIS SENTENCE IS CONSECUTIVE THERE CAN BE NO CREDIT IN
COMPUTATION I WAS SENTENCED TO 592 DAYS BACKTIME THIS CASE
STARTED IN 2006 WHEN I WAS FINALLY SENTENCED ORIGINALLY
IN 2007 I WAS CONFINED FOR ALL BUT 592 DAYS SO THERES NO
CREDIT I SERVED THE TIME THERE ARE THREE DIFFERENT ORDERS FROM
THREE DIFFERENT JUDGES I DIDN'T REPORT I WAS THEN RESENTENCED
TO THE BACKTIME IN 2008 I THEN GET 24 +05 rt FROM PHILLY
I THEN GET SENTENCED TO 592 DAYS BACKTIME ON '3-28-13 NOT 3 to 23 mTHS

9. Response: (This Section for Staff Response Only) ITS PROBATION CONSECUTIVE

*See attached.*

| To DC-14 CAR and DC-15 IRS ☐ |
|---|

Staff Member Name  L Bloom    R Bloom   Date 12-9-14
                   Print              Sign

Revised July 2000

WANAMAKER 000044

Case 3:17-cv-00133-KAP    Document 34    Filed 08/30/21    Page 71 of 91

Case 3:15-cv-00283-KRG-KAP   Document 8-1   Filed 12/11/15   Page 20 of 28
Case 3:15-cv-00015-KRG-CRE   Document 27-2   Filed 09/16/15   Page 21 of 29

**STAFF MEMBER'S CORRESPONDENCE TO INMATE**
SCI-Somerset
1590 Walters Mill Road
Somerset, PA 15510

| TO: (Inmate Name & DC No.)<br>WANAMAKER, Darren    KU-8389 | HOUSING LOCATION<br>D-B-1003-01 | Counselor<br>C. Streczywilk | DATE SENT<br>12/9/14 |
|---|---|---|---|

In response to your continual DC-135A Inmate Requests to Staff Members I am providing this <u>final response</u> in an attempt to answer your questions and explain your current sentence structure:

1) A PVCO is a county parole violation backtime sentence. A PVCO sentence works on the county level in the same manner as when you violate your state parole privileges and are ordered to serve backtime on a state sentence.

2) PVCO sentences are reflected on your DC16E Sentence Status Summary Sheet by reflecting the original term of your county sentence and applying applicable credit. As a result, only the balance of the backtime owed on your county sentence is aggregated. In your case your original sentence was 3 months to 23 months. When you chose to violate the conditions of your county parole privileges, you were sentenced to serve the balance of the backtime owed on your original sentence. The Judge ordered the balance of backtime owed on your county sentence to be 592 days. <u>As you can clearly see in the below calculation only the 592 days were "added" to your maximum sentence, not the full 23 months of your original sentence.</u> (23 months equals approximately 700 days, you were given credit for 108 days of time served on the original 3 month to 23 months sentence * 108 + 592 = 700 days/23 months*.) Again, only the 592 days of backtime owed were added to your state maximum date:

   4 - 20 - 2015  Maximum date on CP5754 state sentence
+      592  Days backtime owed on county PVCO sentence atCP777
= 12 - 2 - 2016  Controlling Maximum date

3) For example purposes only, if the full 23 months of your original sentence would have been aggregated as you state, your controlling maximum date would be 3-20-17 instead of 12-2-2016:

   4 - 20 - 2015  Maximum date on CP5754 state sentence
+      23  months on sentence at CP777
= 3 - 20 - 2017  Controlling Maximum date

4) Additionally, as previously explained, the Judge ordered the 592 days of backtime to run consecutively to your state sentence. Consecutive means that the 592 days of backtime gets "added" on to any previously imposed sentences...so the 592 days gets added to your current state sentence maximum date.

5) Because the Judge ordered your 592 days backtime to run consecutively to your state sentence, he loses his authority to grant you parole from the 592 days backtime.

6) The consecutive state probation sentence you reference in your requests is accurately reflected on page 3 of your DC16E Sentence Status Summary Sheet in the Non-Incarcerated Offenses section.

Your sentence structure was calculated by the Centralized Sentence Computation Unit. Additionally, SCI-Somerset Records Staff verified with the Asst. Records Administrator at Central Office that your sentence was in fact correct.

<u>Therefore, no future responses will be provided to you regarding this issue. We cannot continually address this same concern over and over again.</u>

If you continue to contend your sentence structure is incorrect, you need to consult your attorney and seek resolution through the courts. As stated, based on the Court Orders on file your sentence structure is accurately calculated. We cannot make any changes to your sentence structure unless modified/amended court orders would be received in our office directing us to do so.

| Print Name & Title of Staff Member<br>L Bloom, Records Supervisor | SIGNATURE OF STAFF MEMBER<br>*L Bloom* | DATE<br>12/9/2014 |
|---|---|---|

WANAMAKER 000045

Case 3:17-cv-00133-KAP    Document 34    Filed 08/30/21    Page 72 of 91    EXHIBIT P

Case 3:15-cv-00283-KRG-KAP   Document 8-1   Filed 12/11/15   Page 19 of 28
Case 3:15-cv-00015-KRG-CRE   Document 27-2   Filed 09/16/15   Page 20 of 29

| Form DC-135A | Commonwealth of Pennsylvania Department of Corrections |
|---|---|
| RECEIVED<br>INMATE'S REQUEST TO STAFF MEMBER<br>DEC 8  REC'D<br>RECORDS OFFICE | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) RECORDS | 2. Date: 12-4-14 |
|---|---|
| 3. By: (Print Inmate Name and Number) DARREN WANAMAKER KU838<br><br>Inmate Signature | 4. Counselor's Name STRELYZWELD<br><br>5. Unit Manager's Name BOWERS |
| 6. Work Assignment | 7. Housing Assignment D/B |

8. Subject: State your request completely but briefly. Give details.

PLEASE EXPLAIN TO ME HOW MY COUNTY SENTENCE HAS BEEN CHANGED TO A STATE SENTENCE? WHAT IS A PICO SENTENCE? YOU CANNOT LEGALLY REINSTATE MY ORIGINAL SENTENCE 9 TO 23 MONTHS AND MAKE IT READ AS IF THE JUDGE WHO SENTENCED ME LAST JUDGE PAGONO ACTUALLY DID SO THIS CASE GOES BACK TO 2006 WHEN I MADE IT OUT OF DCP ITS MIN WAS SERVED YOUR CREATION HAS REINSTATED MY ORIGINAL SENTENCE NONE OF THE ORDERS YOUR RECIEVED ORDERS YOU TO CONSTRUCT OR AGGREGATE THIS BACK TIME IN FACT YOU'VE TAKEN EACH ORDER SENT AND CONSTRUED THEM AS SEPARATE SENTENCES WHEN IN FACT THEY ALL ARE THE SAME. THE LAST ORDER ORDERS YOU TO SERVE 592 DAYS BACKTIME NOWHERE ON ANY OF THE ORDERS SENT DOES THERE APPEAR ANY JURISDICTION OF THE STATE WHY THEN DOESN'T THIS SENTENCE WHICH IS COUNTY AND CONSECUTIVE RUN AFTER MY STATE MAX WHICH IS 4-20-15

9. Response: (This Section for Staff Response Only)

WANAMAKER 000046

Case 3:17-cv-00133-KAP     Document 34     Filed 08/30/21     Page 73 of 91

EXHIBIT Q

Case 3:15-cv-00283-KRG-KAP     Document 8-1     Filed 12/11/15     Page 21 of 28
Case 3:15-cv-00015-KRG-CRE     Document 27-2     Filed 09/16/15     Page 22 of 29

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request; it can be responded to more promptly and intelligently. |
|---|---|
| 1.  To: (Name and Title of Officer)<br>MS BLOOM RECORDS | 2.  Date:<br>12-4-14 |
| 3.  By: (Print Inmate Name and Number)<br>DARREN WANAMAKER KU8389<br><br>_____<br>Inmate Signature | 4.  Counselor's Name<br>STULL |
| | 5.  Unit Manager's Name<br>BOWERS |
| 6.  Work Assignment | 7.  Housing Assignment<br>D/B |

8.  Subject:  State your request completely but briefly.  Give details.

MS BLOOM THANK YOU FOR RESPONDING I MUST ASK DOES IT MATTER THAT I WAS NEVER ON PAROLE IN DEL COUNTY BUT PROBATION YOU MENTION THAT A PVCO SENTENCE IS A COUNTY PAROLE VIOLATION ONCE AGAIN I WAS NEVER ON PAROLE I'M JUST TRYING TO FIGURE OUT WHY THE STATE HAS GOTTEN JURISDICTION OVER MY COUNTY CONSECUTIVE PROBATION SENTENCE ONCE THIS WAS NEVER A STATE JURISDICTION CASE THATS WHY THE ORDER GRANTING IMMEDIATE PAROLE FROM SPENDING TIME IN COUNTY PRISON YOU MAKE PAROLE IN COUNTY PRISON AND YOU SERVE THE REMAINDER OF TIME ON PROBATION WOULD JUDGE PAGANO ORDER So SOMETHING THAT HE HAS NO AUTHORITY TO DO FOR AS AT NO TIME WAS I EVER ON PAROLE IN DEL COUNTY I REPORTED TO A PROBATION OFFICER AS IT IS ORDERED FOR ME TO DO ON JUDGE PAGANOS ORDER HERES WHERE IM CONFUSED AND I MAY NEED THE COURTS TO RECTIFY MY SITUATION I FEEL AS IF THERES HBEEN MISINTERPRETATIONS MADE THANK YOU

9.  Response: (This Section for Staff Response Only)     THOUGH

See attached

| To DC-14 CAR only   ☐ | To DC-14 CAR and DC-15 IRS   ☐ |
|---|---|

Staff Member Name  _L. Bloom_ , _L Bloom_   Date  12-11-14
                        Print              Sign

Revised July 2000

WANAMAKER 000047

Case 3:17-cv-00133-KAP     Document 34     Filed 08/30/21     Page 74 of 91

Case 3:15-cv-00283-KRG-KAP   Document 8-1   Filed 12/11/15   Page 22 of 28
Case 3:15-cv-00015-KRG-CRE   Document 27-2   Filed 09/16/15   Page 23 of 29

**STAFF MEMBER'S CORRESPONDENCE TO INMATE**
SCI-Somerset
1590 Walters Mill Road
Somerset, PA 15510

| TO: (Inmate Name & DC No.) | HOUSING LOCATION | Counselor | DATE SENT |
|---|---|---|---|
| WANAMAKER, Darren    KU-8389 | D-B-1003-01 | C. Streczywilk | 12/11/14 |

In response to your DC-135A Inmate Request to Staff Member dated 12/4/14, I will do my best to explain my understanding of your case in reference to the new questions you raise regarding what you contend are misinterpretations.

You indicate that you were never on parole on the Delaware County case. To the best of my knowledge, a Judge can impose a confinement sentence, a probation sentence, or both. I believe that county sentences work in the same manner as state sentences, in that if you are sentenced to an indeterminate amount of incarceration time and then released from incarceration <u>prior to serving the maximum term</u>, you are considered as being on parole on that sentence from your date of release until the maximum term of that sentence. In your case you were originally sentenced to 3 months to 23 months and were released from custody <u>before</u> serving the full 23 month sentence, therefore, it is my understanding that you would have been considered to be on parole at the time you were released and thus I believe this is why the Judge imposed the sentence of 592 days backtime. Had you only been serving a probation sentence, the Judge would have imposed a Violation of Probation sentence and not a backtime sentence.

Secondly, as previously explained, the state has jurisdiction over your county <u>incarceration</u> sentence (the 592 days backtime), not probation, because the Judge ordered it to run consecutively to the state sentence you are now serving.

As previously stated, if you continue to believe your sentence structure is incorrect, you need to consult your attorney and seek resolution through the courts.

| Print Name & Title of Staff Member | SIGNATURE OF STAFF MEMBER | DATE |
|---|---|---|
| L Bloom, Records Supervisor | *L. Bloom* | 12/11/2014 |

WANAMAKER 000048

Case 3:17-cv-00133-KAP     Document 34     Filed 08/30/21     Page 75 of 91

EXHIBIT R

Case 3:15-cv-00283-KRG-KAP   Document 8-1   Filed 12/11/15   Page 28 of 28
Case 3:15-cv-00015-KRG-CRE   Document 27-2   Filed 09/16/15   Page 29 of 29

Bloom

DC-804
Part 1
Rev 9/2010

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE
527044
GRIEVANCE NUMBER

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| MS. SPOKA | Fayotshne | 7-28-14 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE |
|---|---|
| DARREN WANAMAKER KR8329 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| | D 15 3 |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I'M GRIEVING, MY TIME STATUS IS INCORRECT AND WAS EXTENDED

I HAVE 1,592 DAYS BACKTIME CONSECUTIVE TO 2½ +6 6yrs

THESE DAYS WOULD HAVE TO BE SERVED IN DEL. COUNTY OCP

THE JUDGE GAVE AN ORDER WHERE HE IMMEDIATELY PAROLED

ME AND ORDER THAT IM TO SEE MY PROBATION OFFICER HRHLY

UPON RELEASE, RECORDS ADDED 20 MONTHS TO MY MAX

MAKING MY MAX IS 4-20-15  592 DAYS HAS NOTHING TO

DO WITH SCI VESA VES THE ORDER OF JUDGEMENT

MARKED SOMERSET  JUDGE PAGANO

B. List actions taken and staff you have contacted, before submitting this grievance.

WRITTEN RECORDS

TALKED WITH COUNSELOR

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator

8-1-14
Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

08/21/14

RECEIVED
SCI SOMERSET
AUG 0 1 2014
HEIDI SPOKA SUPT'S ASST.

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 1-A*

Records

Case 3:17-cv-00133-KAP    Document 34    Filed 08/30/21    Page 76 of 91    EXHIBIT S

Case 3:15-cv-00283-KRG-KAP  Document 8-1  Filed 12/11/15  Page 27 of 28
Case 3:15-cv-00015-KRG-CRE  Document 27-2  Filed 09/16/15  Page 28 of 29

## INITIAL REVIEW RESPONSE
### SCI-Somerset
1590 Walters Mill Road
Somerset, PA  15510

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| Inmate Name: | WANAMAKER, Darren | Inmate Number: | KU-8389 |
|---|---|---|---|
| Facility: | SCI-Somerset | Unit Location: | D-B-1003-01 |
| Grievance #: | 520844 | Grievance Date: | 8/1/2014 |
| Publication (if applicable): | | | |

**Decision:**
☐ Uphold Inmate
X Grievance Denied
☐ Uphold in part/Denied in part

*It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's Initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:**                                                                                           *Frivolous?*

In your grievance you state your time status in incorrect because your maximum date was extended by 592 days (approximately 20 months) as a result of a backtime sentence which is aggregated to the state sentence you are currently serving. You contend that Judge Pagano gave you an order for immediate parole and directed that you see your probation officer within 48 hours upon release. You assert that the 592 day backtime sentence has nothing to do with your state sentence.

As indicated in numerous past responses to your request slips, your sentence aggregation is correct. By ordering the 592 day backtime sentence at CP777 to run consecutively to your state sentence at CP5754, Judge Pagano lost his authority to grant you immediate parole from this backtime sentence and the 592 days backtime owed is added to your current state maximum date and the Pennsylvania Board of Probation and Parole now becomes the paroling authority.

   4 - 20 – 2015 Maximum date on CP5754 state sentence
+        592 days backtime owed on CP777

= .12- 2- 2016 Controlling Maximum date

This grievance is denied.


EF 8-06-2014

| Signature: | L. Bloom  *L. Bloom* |
|---|---|
| Title: | Records Supervisor |
| Date: | 8/5/2014 |

cc:   Superintendent
      Facility Grievance Coordinator
      DC-15
      File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                                      *Attachment 1-D*
Issued: 12/1/2010
Effective: 12/8/2010

WANAMAKER 000050

EXHIBIT T

PG

Duq  1 12

AUG 21 2014

FIRST LEVEL OF APPEAL TO GRIEVANCE No: 520884

8-18-14

THIS IS A FIRST LEVEL OF APPEAL TO GRIEVANCE No: 520844
AND IS AN APPEAL TO SUPERINTENDENT WINGARD. THE
APPEAL IS FROM INITIAL REVIEW RESPONSE 8-5-2014
AND NOT RECIEVED BY ME UNTIL 8-7-2014. THE RESPONSE
WAS FROM L BLOOM RECORDS OFFICER. I SENT THE APPEAL
TO CAMP HILL AS A MISTAKE. I DID NOT KNOW TO
APPEAL TO SUPERINTENDENT. I RECIEVED CAMP HILL'S
REPLY ON 8-17-14. THIS APPEAL IS NOW BEING
FILED.
                    "ARGUEMENTS OF APPEAL"
1. MY TIME STATUS HAS BEEN INCORRECTLY COMPUTED.

2. A COUNTY PROBATION REINSTATEMENT HAS BEEN
   ILLEGALLY AGGREGATED TO MY STATE SENTENCE

3. SENTENCING ORDER SHOWS THAT 592 DAYS BACKTIME
   WOULD HAVE BEEN TO BE SERVED IN (DCP) DELAWARE
   COUNTY PRISON WHEREBY THE ORDER GRANTS IMMEDIATE
   PAROLE THE ORDER ALSO STATES THAT I'M TO
   REPORT TO MY PROBATION OFFICER 48 HRS AFTER
   MY RELEASE

WANAMAKER 000051

Case 3:17-cv-00133-KAP     Document 34     Filed 08/30/21     Page 78 of 91

Case 3:15-cv-00283-KRG-KAP   Document 8-1   Filed 12/11/15   Page 26 of 28
Case 3:15-cv-00015-KRG-CRE   Document 27-2   Filed 09/16/15   Page 27 of 29

AUG 21 2014

4. THE SENTENCING JUDGE HAS NEVER LOST HIS AUTHORITY TO
GRANT ME IMMEDIATE PAROLE THIS CASE NEVER HAD
STATE CORRECTIONAL D AUTHORITY AS THE ORDER
STATES.

5. THE AGGREGATION OF CP777 TO CP5754 IS ILLEGAL
COMM VS HOLZ  CP777 IS A COUNTY SENTENCE
A COUNTY SENTENCE WITH PROBATIVE INTENT.
NOT A STATE SENTENCE  NOT A STATE SENTENCE
THEREFORE I ASK YOU TO GRANT ME RELIEF BY
HAVING MY MAX DATE TO READ. 4-20-15 IN
ACCORDANCE WITH STATE SENTENCE CP5754
CP777 WHICH IS CONSECUTIVE AND PROBATIVE
WILL BE SERVED 48 HRS UPON MY MAX DATE RELEASE
4-20-15  LET THE RECORD SHOW

RESPECTFULLY

DARREN WANAMAKER KU-8389

WANAMAKER 000052

Case 3:17-cv-00133-KAP    Document 34    Filed 08/30/21    Page 79 of 91

EXHIBIT U

Case 3:15-cv-00283-KRG-KAP   Document 8-1   Filed 12/11/15   Page 24 of 28
Case 3:15-cv-00015-KRG-CRE   Document 27-2   Filed 09/16/15   Page 25 of 29

**Facility Manager's Appeal Response**
**SCI-Somerset**
1590 Walters Mill Road
Somerset, PA  15510

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Darren Wanamaker | | Inmate Number: | KU-8389 |
|---|---|---|---|---|
| Facility: | SCI-SMR | | Unit Location: | DB-03 |
| Grievance #: | 520884 | | | |

| Decision: | X Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | |
| | ☐ Dismiss/Dismiss Untimely | |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | | Frivolous | |
|---|---|---|---|

I have reviewed all the pertinent information related to this issue.  This includes the original grievance, the grievance officer's response and your subsequent appeal.  The issue raised in this appeal is in regards to your sentence.

I have found the original response to be appropriate.  I researched this issue and found that the response from the Records Supervisor is accurate.

Based on the above, your grievance is denied at this level.

| Signature: | [signature] |
|---|---|
| Title: | Superintendent |
| Date: | 09/08/14 |

TAW:sko
cc:    Deputies (2)
       Mr. Bowers
       Mr. Streczywilk
       Mrs. Sroka
       DC-15
       Ms. Bloom
       File

WANAMAKER 000053

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darren L. Wanamaker,                    :        $3/15-CV-38$
            Petitioner                  :
                                        :
                                        :
                                        :
        v.                              :
                                        :        **FILED**
                                        :        **SCRANTON**
Department of Corrections et. al        :
            Defendants,                 :        JAN 07 2015
                                        :
                                                 PER _____
                                                   DEPUTY CLERK

PETITION FOR Habeas Corpus      : AND / OR
            EXTRAORDINARY RELIEF

AND NOW COMES, Darren Wanamaker in the pro-se capacity respectfully

requesting this Honorable Court to issue a Habeas Corpus or other Extra-

ordinary relief, and represents:

Case Number: CP777/2007; OTN NO. 1322933-2

COVER SHEET

        Mr. Darren L. Wanamaker#KU-8389
        S.C.I. Somerset
        1600 Walters Mill Road
        Somerste, PA. 15510

WANAMAKER 000054

IN THE COMMONWEALTH COURT OF PENNSYLVANIA


Mr. Darren L. Wanamaker,
                Petitioner,

                                    Case Number:CP-777/2007; OTN No.13229-
vs.                                                             33-2.

The Department of Corrections,
                Defendants,


PETITION FOR Habeas Corpus AND / OR
EXTRAORDINARY RELIEF

COMES NOW, the Petitioner, Darren L. Wanamaker in the pro-se capacity

hereby offers in support thereof:


I. Jurisdictional Statement

The instant petition request this Honorable Court to GRANT a Habeas

Corpus   pursuant to this Honorable Court's Jurisdiction under 42 Pa. C.S.A.

§ 721(2) and/ or this court's power to grant extraordinary relief under 42

PA. C.S.A.§§ 502 and 726.

II. Questions Presented


1.) Did the Department of Corrections err when it aggregated Petitioner's

sentence of County Probation ?

2.) Does the Department of Corrections have Jurisdiction over a County Pro-

bation sentence ?

3.) Did the Department of Corrections wrongly calculate Petitioners (DC16E)

sentencing statis sheet ?

WANAMAKER 000055

III. Statement of The Case

On March 28, 2013 Petitioner was sentenced by the Delaware county Court

of Common Pleas by Judge Pagano, George A. to a sentence of 592 days and .

immediate parole(case record no. 777-07)(OTN No. L322933-2) however the

Department of Corrections has recalculated this same sentence and has turned

this sentence into a 3 to 23 month State sentence in violation of Petitioner's

Due process rights.(SEE: Exhibit (A) (DC16E- Sentencing Status Summary))

and (SEE: Exhibit(B)(Judgement of Sentencing Order).

IIII. Legal Argument

The Department of Corrections has altered Petitioner's sentence and erred

in the computing Petitioner's sentence.

**McCray v. PA. Department of Corrections,**
582 Pa. 440 (July 21, 2003)

"Where discretionary actions and "
criteria are not being contested, but
rather the actions of the Department
in computing an inmate's maximum and
minimum dates of confinement are being
challenged, an action for mandamus
remains viable as a means for
examining whether statutory requirements
have been met. Accordingly, if Mandamus
was the appropriate action, the
Commonwealth court was the appropiate forum.

Where Petitioner was sentenced by The Delaware County Court of Common Pleas,

to a sentence of 592 days and immediate parole by Judge Pagano, George A.

the Department of Corrections has no jurisdiction over this sentence and

has committed plain error by altering and or changing a court ordered sentence

(Case No. CP 777-07).

The Department of Corrections Violated Petitioner's Due Process Rights where

they altered and or changed Petitioner's sentence without allowing him to

challenge their alteration infront of a Jury of his own peers, in violation

of Article 1, section 9, of the Pennsylvania Constitution :

> " In all criminal prosecutions the accused "
> hath a right to... be deprived of his
> life, liberty and property by the
> judgement of his peers or laws of the land.

Prayer for Relief

   Petitioner is requesting the Department of Corrections to follow the

sentencing orderof The Delaware County Court of Common Pleas, Judge Pagano,

George A. who sentenced Petitioner to a term of 592 days and Immediate Parole

and Petitioner would like to recieve a new (DC16E-Sentencing Status Summary)

that reflects the proper sentence.

Dated: 1 - 4 - 15

Respectfully Requested,

Mr. Darren Wanamaker.

## PROOF OF SERVICE

I Darren L. Wanamaker has served Mr. Trevor Wingard, Warden at SCI Somerset

prison and employee for the Department of Corrections with a true and correct

copy of said Habeas Corpus    /or Extraordinary Relief by depositing in

the inmate mailbox here at SCI Somerset on said date : 1-4-15

                    Mr. Trevor Wingard,(Warden)
                    SCI Somerset
                    1600 Walters Mill Road
                    Somerset, PA. 15510

                                Respectfully Submitted

                                Mr. Darren L. Wanamaker.

WANAMAKER 000058



# COMMONWEALTH OF PENNSYLVANIA
**DC16E - SENTENCE STATUS SUMMARY    DEPARTMENT OF CORRECTIONS**

Name: Darren L Wanamaker          Inmate #: KU8389          Certified Version 2 Dated 6/25/2013 9:08:08 AM

## 1. REFERENCES AND IDENTIFICATION

| DOC #<br>KU8389 | Commitment Name<br>DARREN L WANAMAKER | PBPP #<br>8530V | SID #<br>18645271 | FBI #<br>121667KA9 | Phila Photo #<br>697013 |
|---|---|---|---|---|---|
| DOB<br>09/12/1965 | Place of Birth<br>PHILA        PA USA | | | Race<br>B | Sex<br>M |

## 2. SENTENCE SUMMARY

| Sent Date | County/State/Federal | Indictments | Sent Type | Minimum Y | M | D | Maximum Y | M | D |
|---|---|---|---|---|---|---|---|---|---|
| 12/03/2012 | Philadelphia | CP0005754 CT3/2010 | | 2 | 6 | | 5 | | |
| **Plea:** | Nolo Contendre | **OTN:** N6760891 | Judge: COLEMAN, ROBERT P. | | | | | | |
| **Offense:** | CC3503A - CRIMINAL TRESPASS | | | | | | | | |
| 03/28/2013 | Delaware | CP777 B/2007 | CS | | 3 | | 1 | 11 | |
| **Plea:** | Plead Guilty | **OTN:** L3229332 | Judge: PAGANO, GEORGE A. | | | | | | |
| **Offense:** | colspan CC3928 - UNAUTHORIZED USE MOTOR VEHICLE | | | | | | | | |

| Reception Date | 12/10/2012 | Reentered from DOC # | |
|---|---|---|---|
| Controlling Minimum Date | 10/02/2012 | New Maximum - PV | |
| Controlling Maximum Date | 12/02/2016 | True Minimum Expiry Date | |
| RRRI Minimum Expiry Date | | | |

**Summary or Remarks on Sentence**

| *Remarks* | VERSION 2 CREATED TO ADD CP777/2007 WHICH IS A PVCO, ORIGINAL DATE OF SENTENCE IS 9/4/2007, BACKTIME OWED IS 592 DAYS.<br>Actual Offense Code at CP5754-2010 Ct3 is 3503a1ii Crim Tres-Break Into Structure. |
|---|---|

## 3. SENTENCE STRUCTURE

**Commitment Credit**

Computation 2          CP777 B/2007, CP0005754 CT3/2010 : 04/20/2010 to 12/03/2012, 108 Days

| *Remarks* | CREDIT APPLIED TO PVCO CP777/2007 IS 108 DAYS. |
|---|---|

**Bail/Escape/Interruption Time Data**

| None |
|---|

WANAMAKER 000059

DELAWARE COUNTY COURT OF COMMON PLEAS    Inmate # KU8389
CERTIFICATE OF IMPOSITION OF JUDGEMENT OF SENTENCE

NGP____  Open GP____  Jury Trial____  Non Jury Trial____  Nolo____  Amended____  Gagnon II  X

| COMMONWEALTH OF PENNSYLVANIA VS.  Darren Wanamaker |
| D.O.B. 9|12|65  SEX (M)/F  RACE B  SID _____  BAC _____ |
| Case Record No. 777-07  OTN No.: L322933-2 |

| Info | Charges | Grading | Info | Charges | Grading |
|---|---|---|---|---|---|
| B | Unauthorized Use of a Motor Vehicle | | | | |

| A. Info | TOTAL CONFINEMENT is imposed with regard to the following charges: | | DCP | SCI | FINE |
|---|---|---|---|---|---|
| | Minimum  Maximum | | | | |
| B | full Back-time 542 Days Immediate Parole | | X | | |

| B. Info | PROBATION is imposed with regard to the following charges: Term of Probation | COUNTY | STATE | FINE |
|---|---|---|---|---|
| | | | | |

| C. Info | INTERMEDIATE PUNISHMENT is imposed to the following charges: Term of Probation | COUNTY | STATE | FINE |
|---|---|---|---|---|
| | This case consecutive to Phila Case # 5754-10 | | | |

| D. | Defendant is ordered to pay RESTITUTION to the following persons: | |
|---|---|---|
| | Name    Address | Sum |
| | Report to AP+P within 48hrs of release. | |

Joint & Several with _____ ( _____ ) _____ ( _____ )

E.  List SPECIFIC CONDITIONS

- X Immediate Parole
- Bench Warrant Rescinded
- Complete CRN / Follow Rec. /Safe Driving
- Perform _____ hours of Community Service
- Paroled to D&A Inpatient program upon available bed date
- Sentenced under Section 3804 A Title 75
- Serve _____ 48 hour periods starting _____ at _____ pm/am
- Placed on EMP for _____ days
- No contact with victim
- Participate in domestic violence or Anger management Group
- X Comply with rules and regulations governing Probation and/or Parole
- X General Rules ____ DUI ____ EMP ____ Sex Offenders ____ Multiple DUI Offender Program

- Complete and follow recommendation of Diagnostic Services
- Drug &Alcohol Evaluation
- Psychological Evaluation
- Psychiatric Evaluation
- Psychosexual Evaluation
- Ignition Interlock Ordered
- Submit to DNA Testing
- $_____ Mandatory Cost Assessment per Substance Abuse Demand and Reduction Fund
- Register under Megan's Law

Other Complete Safe Driving Classes Intensive Out-Patient Treatment + 64 original + 32 penalty hrs of Community Service Deft to receive credit for any conditions already Completed

F.  The defendant shall receive such credit for time served as he is entitled by the laws of the Commonwealth of Pennsylvania.
The sentences, confinement, and/or probation imposed shall be consecutive or concurrent as follows:
The aggregate term of confinement is a period of not less than _____
not more than _____
The aggregate term of probation is _____
Costs of prosecution are imposed on the ( X ) defendant ( ) Delaware County
( ) NOLLE PROSSE REMAINING CHARGES  ( X ) APPEAL RIGHTS GIVEN
( ) DISMISS REMAINING CHARGES PURSUANT TO PLEA AGREEMENT

Date: 3|28|13    Sentencing Judge Pagano

Name ADA J. Glackin    Name Def. Atty. D. Leonard

NOTE CAREFULLY:  If "Section 17" or "Section 18" appears, this is 35 P.S. § § 780-117 or -118 without adjudication of guilt.

WANAMAKER 000060

1-74-15

TO WHOM IT MAY CONCERN: PLEASE FIND AND FILE
COPIES OF HABEAS CORPUS

WANAMAKER 000061

DARREN WANAMAKER KU8389
1600 WALTERS MILL RD
SOMERSET, PA 15510

JAN 07 2015

CLERK
U.S DISTRICT COURT
MIDDLE DISTRICT
235 N WASHINGTON AVE
P.O BOX 1148
SCRANTON, PA 18501-1148

PA Department of Corrections
INMATE MAIL



WANAMAKER 000062

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN L. WANAMAKER, | ) | |
| | ) | Civil Action No. 3: 15-cv-0015 |
| Petitioner | ) | |
| | ) | United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| | ) | |
| DEPARTMENT OF CORRECTIONS , PA | ) | |
| STATE ATTORNEY GENERAL, and | ) | |
| TREVOR WINGARD, Superintendent, SCI | ) | |
| Somerset, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner, Darren L. Wanamaker ("Wanamaker"), has filed a Petition for Writ of Habeas Corpus in which he contends that the Pennsylvania Department of Corrections ("DOC") has miscalculated his maximum release date as of December 2, 2016, rather than April 20, 2015, and that as a result, he is being ordered to serve 592  days of owed back time.  Petitioner contends that the maximum release date as calculated by the DOC is contrary to the Delaware County Court of Common Pleas' Judgment of Sentence issued by Judge George Pagano.

Respondent Office of the District Attorney of Delaware County has filed a Response (ECF No. 17), to which Respondents Department of Corrections and the PA State Attorney General have joined (ECF No. 18).

After a careful review of the record, the Court has grave concerns about the issues raised by Wanamaker as it appears that the intent of Judge Pagano was for Wanamaker to be immediately paroled upon the completion of his Philadelphia County sentence.  The Court, however, is in need of the following additional information and documentation before it can rule on the matter before it.

1

WANAMAKER 000063

It is, therefore, **ORDERED** that on or before **September 17, 2015**, Respondents shall file a Supplemental Response(s) in which the following issues must be addressed and documentation, where requested, must be filed with the Court:

1.      An affidavit from the person at the Pennsylvania Department of Corrections responsible for calculating sentencing and sentencing credits explaining how Wanamaker's maximum sentencing date has been determined.

2.      An explanation of what sentence Wanamaker is currently serving and the related docket number (i.e., has he completed the sentenced imposed by the Philadelphia County Court of Common Pleas and what is / was the effective commencement date of the back time sentence time imposed by the Delaware County Court of Common Pleas).

3.      Copies of any and all administrative requests, and the DOC's response thereto, relevant to Wanamaker engaging in the administrative grievance process in an attempt to resolve the alleged miscalculation.

4.      Respondents shall address the meaning of "immediate parole" as used in the sentencing court's March 28, 2013 Judgment of Sentence and the discussion of "immediate parole" during Wanamaker's Gagnon II hearing on March 28, 2013 (specifically pages 18 – 26 of the transcript).[1]

5.      Respondents argue that Petitioner failed to file a writ of habeas corpus in the sentencing court pursuant to 28 U.S.C. § 2254(b).   Respondents shall explain why this would be the proper procedure rather than Wanamaker filing a petition for review in the nature of a request

---

[1]      Wanamaker was "sentenced to his full back time of 592 days with <u>immediate parole</u>, consecutive to his minimum state sentence for Philadelphia Case 5754-10." (emphasis added.) Upon hearing the sentence, Wanamaker expressed concern that the court has "tacked on almost . . . two and a half more years." T. at 26 (ECF No. 17-2). In response, the probation officer told him "It's almost 19 months" and both the probation officer and his counsel informed him that he was going to be immediately paroled, "it's not incarcerated. On the street. It's on the street." *Id.*

2

for writ of mandamus in Commonwealth Court of Pennsylvania in which he would allege that the Department of Corrections has incorrectly calculated his maximum release date. Additionally, Respondents shall address whether Wanamaker at this time has the ability to file a petition for review in Commonwealth Court?  *See Com. ex rel. Havens v. Pennsylvania Department of Corrections*, No. 84 M.D. 2013, 2013 WL 4781090 (Pa. Cmwlth. Sept. 5. 2013) (citing *Keith v. Pennsylvania Board of Probation and Parole*, 464 A.2d 659 (Pa. Cmwlth. 1983)).

6.     The Court takes judicial notice that on August 14, 2015, Wanamaker filed with the sentencing court a pro se Motion for Credit for Time Served.  *See* Docket No. CP-23-CR-0000777-2007.  Should this motion be liberally construed as a petition for writ of habeas corpus and, if so, should this case be stayed pending resolution of that motion.


So **ORDERED** this 4th day of September 2015.


/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge


cc:     DARREN L. WANAMAKER
KU-8389
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510
(via U.S. First Class Mail)

Dennis Daniel Woody
Office of the District Attorney of Delaware County
(via ECF electronic notification)

Sandra A. Kozlowski
Pennsylvania Office of Attorney General
(via ECF electronic notification)

3